James David MARSH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 36A04–0403–CR–164.

Court of Appeals of Indiana.

Nov. 24, 2004.

Mercedes L. Plummer, Brownstown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

James David Marsh appeals the revocation of his probation, presenting the following restated issues for review:

1. Did the probation court err at the revocation hearing in admitting an out-of-court statement made by a minor child?

2. Did Marsh receive ineffective assistance of counsel at the revocation proceeding when counsel failed to object to the aforementioned hearsay statement?

3. Was the evidence sufficient to support revocation?

We affirm.

The facts favorable to the judgment revoking probation are that on December 20, 2002, the trial court entered judgment of conviction on Marsh's plea of guilty to the offense of battery as a class A misdemeanor. The victim of the battery was Marsh's then four-year-old daughter, S.M. Marsh was given a one-year sentence, with ten months suspended to probation. On November 25, 2003, the Jackson County Probation Department filed a petition to revoke Marsh's probation, alleging he had struck S.M. in the mouth sometime during the first week of November 2003. The blow had caused S.M.'s lip to swell and bleed. A revocation hearing was held on February 11, 2004, after which the court determined that the allegation was true and revoked Marsh's probation. Marsh challenges the probation court's ruling.

 We review a decision to revoke probation for an abuse of discretion.

*Pugh v. State,* 804 N.E.2d 202 (Ind.Ct.App. 2004). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Id.*

### 1. & 2.

Marsh contends the trial court erred in considering hearsay evidence in revoking his probation, thereby challenging a portion of the testimony of Robin Bolte, a case manager for the Jackson County Division of Family and Children. Specifically, Bolte testified that Child Protective Services in North Vernon, Indiana notified her that S.M. had told someone at school "that her daddy had got mad at her and hit her in the mouth and bloodied her lip." *Transcript* at 13. Marsh contends Bolte's testimony constitutes inadmissible hearsay.

■ We note Marsh failed to object to the testimony in question. Generally, the failure to object, and thereby properly preserve an issue for appeal, results in waiver. *Brabandt v. State,* 797 N.E.2d 855 (Ind.Ct.App.2003). Therefore, the issue is waived. Marsh seeks reversal upon the hearsay issue through another avenue—a claim of ineffective assistance of counsel. He claims counsel was ineffective for failing to object to Bolte's testimony on hearsay grounds.

To succeed on a claim of ineffective assistance of counsel, a defendant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness, and that counsel's errors were so serious as to deprive the defendant of a fair trial because of a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Stevens v. State,* 770 N.E.2d 739 (Ind.2002), *cert. denied,* 540 U.S. 830, 124 S.Ct. 69, 157 L.Ed.2d 56 (2003). A "reasonable probability" in this context is a probability sufficient to undermine our confidence in the outcome. *Stevens v. State,* 770 N.E.2d 739.

■ In order to establish that trial counsel's failure to object to Bolte's testimony constituted ineffective assistance, Marsh must first prove that a proper objection would have been sustained. *Dawson v. State,* 810 N.E.2d 1165 (Ind.Ct.App. 2004), *trans. denied.* A probation revocation hearing is not the equivalent of an adversarial criminal proceeding. *Black v. State,* 794 N.E.2d 561 (Ind.Ct.App.2003). Instead, "a revocation hearing is a narrow inquiry, and its procedures are more flexible than those of a criminal proceeding." *Id.* at 564. In *Isaac v. State,* 605 N.E.2d 144 (Ind.1992), *cert. denied,* 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993), our supreme court held that a defendant at a probation revocation hearing does not have all the same rights he or she possessed prior to his conviction. The court determined that, among other things, formal evidentiary rules are not observed at probation revocation hearings. *Id.* That ruling was later codified in Ind. Evidence Rule 101(c), which states, in pertinent part: "[t]he rules, other than those with respect to privileges, do not apply in ... [p]roceedings relating to ... sentencing, probation, or parole." The court later expanded on that principle as it relates to hearsay rules, as reflected in the following: "In particular, we hold that the evidence rules implicated in this case—the rule against hearsay and the definitions and exceptions with respect thereto—do not apply in proceedings relating to sentencing, probation, or parole." *Cox v. State,* 706 N.E.2d 547, 550 (Ind.1999). The court held that in probation revocation hearings, "judges may consider any relevant evidence bearing some substantial indicia of

reliability. This includes reliable hearsay." *Id.* at 551 (footnote omitted). The absence of strict evidentiary rules in this context places particular importance on the fact-finding role of judges in assessing the weight, sufficiency, and reliability of proffered evidence. "This assessment . . . carries with it a special level of judicial responsibility and is subject to appellate review. Nevertheless, it is not subject to the Rules of Evidence (nor to the common law rules of evidence in effect prior to the Rules of Evidence)." *Id.*

■ Consistent with the foregoing principles, our task here is not to consider the hearsay statement pursuant to traditional rules of evidence, but instead to determine whether it was reliable enough to have been admitted over objection. *Id.* The record in this case indicates that S.M. told someone at her school that her father struck her in the mouth, causing injury. Someone from the school contacted the county Child Protective Services office and reported the incident. That officer in turn contacted Bolte's office when it discovered that S.M. was a ward of the Jackson County Division of Family and Children. In the course of her investigation of the incident, Bolte spoke with Marsh. She also met with S.M. and was able to view her mouth. Although it had been several days since S.M. had made the statement about her father striking her in the mouth, the wounds were still visible. In view of these circumstances, we are satisfied that, consistent with the "special level of responsibility," *see Cox v. State,* 706 N.E.2d at 551, placed upon it in evaluating hearsay evidence in a revocation proceeding, the revocation court could have overruled an objection to the testimony in question. Because Marsh cannot demonstrate that a timely objection would have been sustained, his claim of ineffective assistance of counsel premised upon the failure to interpose

such an objection must fail. *See Dawson v. State,* 810 N.E.2d 1165.

Notwithstanding that the disputed hearsay evidence was admissible under *Isaac,* Marsh contends admission of the evidence violated the Confrontation Clause of the United States Constitution, pursuant to a recent decision by the Supreme Court. In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Court undertook a detailed examination of the historical roots and development of the Confrontation Clause before reaching the following conclusion: "Where testimonial [hearsay] evidence is at issue, however, the Sixth Amendment demands that the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 1374. In so holding, the Court rejected a line of cases that allowed courts to admit hearsay evidence pursuant to evidentiary rules, and based solely upon a trial court's assessment of the reliability of the statement. *Crawford* arose from an attempted murder conviction and addressed the introduction at trial of an out-of-court statement made by the defendant's wife to police officers investigating the incident. Acknowledging that *Crawford* was decided in the context of a criminal trial, Marsh nevertheless asks this court to hold that the *Crawford* rule concerning the admissibility of hearsay should be extended to probation revocation proceedings.

■ This court has noted on several occasions that defendants are not entitled to serve their sentences in a probation program. *See, e.g., Brabandt v. State,* 797 N.E.2d 855. To the contrary, the ability to serve a sentence on probation has been variously described as a "matter of grace" and a "conditional liberty that is a favor, not a right." *Cox v. State,* 706 N.E.2d at 549. For this reason and others, a probationer faced with a petition to revoke his

probation in not entitled to the full panoply of rights he enjoyed prior to the conviction. *Grubb v. State*, 734 N.E.2d 589 (Ind. Ct.App.2000), *trans. denied.* Those differences include, for instance, and as noted above, that the rules of evidence do not apply in a revocation proceeding. Also, the State's burden of proof is lower in a revocation proceeding, as the State need prove an alleged violation of probation only by a preponderance of the evidence, *see* Ind.Code Ann. § 35–38–2–3(e) (West, PREMISE through 2003 1st Regular Sess.). We make these observations to illustrate the point that probation revocation proceedings are not the equivalent of traditional criminal proceedings and the rules for the latter do not necessarily apply to the former. This principle was implicit in our supreme court's ruling in *Isaac.*

It is still unclear to this court what effect the rule announced in *Crawford* will have on evidentiary questions in Indiana criminal proceedings. We need not resolve those matters here, because they are not before us. The only question before us is whether the *Crawford* rule applies in a probation revocation proceeding. Our supreme court's holding in *Isaac* was premised upon the fact that revocation proceedings are different from the underlying criminal proceedings, and thus implicate different rights. This, in turn, triggers different procedural requirements and safeguards, which might fairly be characterized as less stringent in revocation proceedings. As we interpret *Isaac*, the rationale underlying that decision was not affected by *Crawford.* Thus, *Isaac* is still binding authority on this court and we

decline Marsh's invitation to extend the holding in *Crawford* to probation revocation proceedings.

We pause to make one final observation regarding the application of the *Crawford* holding in this case. Even if *Crawford* applied in probation revocation proceedings, Marsh has not demonstrated that he would be entitled to reversal thereby. It appears to us more likely than not that the principles announced in *Crawford* were limited to *testimonial* statements, as indicated in the following excerpt discussing one of two proposals for determining the admissibility of hearsay evidence under the Confrontation Clause:

> [The first proposal is] that we apply the Confrontation Clause only to testimonial statements, leaving the remainder to regulation by hearsay law—thus eliminating the overbreadth referred to above.... In [*White v. Illinois*, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) ], we considered the first proposal and rejected it. *Although our analysis in this case casts doubt on that holding,* we need not definitely resolve whether it survives our decision today, because Sylvia Crawford's statement is testimonial under any definition.

*Crawford v. Washington,* 124 S.Ct. at 1370 (emphasis supplied).

Assuming *Crawford* applies only to testimonial statements, Marsh must show that the statement about which he complains was testimonial in nature. As Chief Justice Rehnquist lamented in his separate concurrence in *Crawford,*[1] the majority did not provide a definition of "testimonial" in

---

1. Chief Justice Rehnquist stated it thus:
 The Court grandly declares that "[w]e leave for another day any effort to spell out a comprehensive definition of 'testimonial[.]' " But the thousands of federal prosecutors and the tens of thousands of state prosecutors need answers as to what beyond the specific kinds of "testimony" the Court lists is covered by the new rule. *Id.* at 1378 (Rehnquist, C.J., concurring in result) (citations omitted).

this context. Rather, the Court went only so far as to provide several examples of statements that clearly constitute "testimonial statements." (Viz., "Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* at 1374.) It does not appear from the face of the record that S.M.'s statement fits within the clearly delineated examples cited by the *Crawford* Court. Regardless, Marsh did not provide enough details about the statement at issue here to permit an evaluation of whether it could be classified as "testimonial" within the meaning of *Crawford.*

### 3.

■ Marsh contends the evidence was insufficient to support the decision to revoke probation. As framed and argued by Marsh, the success of this issue depends entirely upon the resolution of Issues 1 and 2 above, to wit: "Marsh contends that, had the inadmissible hearsay statement made by the State's witness not come into evidence, there would be insufficient evidence to support a finding of probation revocation." *Appellant's Brief* at 7. Of course, Marsh did not prevail on those issues. Nevertheless, we will review the sufficiency of the evidence supporting revocation.

■ Probation revocation proceedings are civil in nature. *Thornton v. State,* 792 N.E.2d 94 (Ind.Ct.App.2003). Therefore, the State is required to prove a violation by only a preponderance of the evidence. I.C. § 35–38–2–3(e); *Thornton v. State,* 792 N.E.2d 94. When reviewing the determination that a probation violation occurred, we neither reweigh the evidence nor reassess witness credibility. *Thornton v. State,* 792 N.E.2d 94. Instead, we look at the evidence most favorable to the probation court's judgment and determine whether there is substantial evidence of probative value supporting revocation. *Id.* If so, we will affirm. *Id.* The probation court may revoke probation if the probationer commits another crime. I.C. § 35–38–2–1(b).

A person who knowingly or intentionally touches a person less than fourteen years of age in a rude, insolent, or angry manner, and causes bodily injury thereby commits battery as a class D felony. Ind.Code Ann. § 35–42–2–1(a)(2)(B) (West, PREMISE through 2003 1st Regular Sess.). There was evidence that Marsh struck S.M. in the mouth with enough force to cause swelling and bleeding. The trial court found that Marsh's action constituted battery as alleged by the State in its revocation petition, and revoked probation on that basis. That judgment was supported by Bolte's testimony.

Judgment affirmed.

MATHIAS and DARDEN, JJ., concur.