Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2013, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IMANI CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1208-CR-630 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert Altice, Judge
Cause No. 49G02-1101-FC-1441

**March 7, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Imani Clark ("Clark") pleaded guilty in Marion Superior Court to Class C felony forgery and was sentenced to two years in the Marion County Community Corrections Work Release program ("MCCC"). The State subsequently filed a petition to revoke Clark's probation. The trial court found by a preponderance of the evidence that Clark violated the terms of her probation and ordered that the previously suspended sentence be executed. Clark appeals and argues that there was insufficient evidence for the trial court to revoke her probation and that the trial court abused its discretion by revoking Clark's probation.

We affirm.

**Facts and Procedural History**

On July 10, 2011, Clark pleaded guilty to Class C felony forgery and was sentenced to two years in the MCCC. The Marion Superior Court ordered that Clark comply with the "Order on Standard Conditions of Home Detention" ("the conditions"). Appellant App. p. 42. Among other things, the conditions required Clark to stay in her home at all times except when she was attending an approved educational institution, regularly-scheduled religious services, or seeking approved employment. The conditions further required Clark to abide by the schedule created by MCCC and to receive approval before changing the schedule. Finally, the conditions required Clark to maintain a working telephone in her home and a monitoring device both in her home and on her person. Id.

Clark's home detention officer and case manager was Justin Moed ("Moed"). While on home detention, Clark was required to submit her schedule to Moed, and Clark

2

was required to verify each departure. Shortly after Moed began supervising Clark on April 20, 2012, Clark failed to provide verification for departures for school, church, and her job search. Moed continued to allow Clark to attend church and school despite the lack of verification, but he revoked permission for her to leave for job searches. During a meeting on June 15, Moed again explained to Clark the rules of home detention, scheduling, and verification.

After this meeting, Clark violated the conditions five times. On June 25, 2012, she left from 11:01 a.m.-12:37 p.m. without prior authorization. Between June 26 and June 27, 2012, her monitoring device became unplugged for over sixteen hours. When Moed tried calling Clark at her home to discuss the matter, no one answered. Clark never responded to his messages. On June 27, 2012, the device indicated that the strap had been tampered with. On July 3, 2012, she left her home two hours and fourteen minutes earlier than the authorized time. Finally, on July 4, 2012, she left her home between 12:58 a.m.-1:34 p.m. without prior authorization. Tr. pp. 13-16.

On July 2, 2012, the State filed a notice of community corrections violations, and amended the notice on July 18, 2012. Appellant App. pp. 43-44. After a hearing on July 27, 2012, the Marion Superior Court found by a preponderance of the evidence that Clark had violated the terms of her probation and ordered that the two year suspended sentence be executed minus 171 days already served through home detention and awaiting trial. Clark appeals and argues that there was insufficient evidence for the trial court to revoke her probation, and that the trial court abused its discretion by revoking her probation.

3

**Discussion and Decision**

The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. Under Indiana Code section 35-38-2-3(a), a court may revoke probation if a person violates a condition of probation during the probationary period. In addition under Indiana Code section 35-38-2-1(b), the court may revoke probation if a probationer commits any additional crime.

**I. Insufficient Evidence**

Clark argues that there was insufficient evidence for the trial court to revoke her probation. When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor reassess witness credibility." Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citing Marsh v. State, 818 N.E.2d 143, 148 (Ind. Ct. App. 2004)). Rather, we look to the evidence most favorable to the State and affirm the judgment if "there is substantial evidence of probative value supporting revocation." Id. We are also reminded that the State's burden of proof regarding an alleged probation violation is proof by a preponderance of the evidence. Id.

In this case, Clark's home detention officer, Moed, testified that Clark had violated the terms of her probation on five different occasions in 2012: June 25, June 26, June 27, July 3, and July 4. These violations occurred despite multiple explanations of the terms of her probation and Moed's flexibility with time for school and church. Clark made no attempt to provide any verification for these violations, did not call Moed to

4

explain the reasons for these violations, and did not respond to Moed's calls regarding these violations. Aside from Moed's testimony, Clark's electronic monitoring equipment indicated two different violations. Clark's monitoring device was unplugged for at least sixteen hours between June 26-27, 2012, and on June 27 the strap was tampered with. Moed called Clark during this period, and no one answered. Clark did not respond to his messages. Clark even admitted to the violation on July 4, 2012:

> Q: Where were you on July 4[th] [2012], where did you go?
> A: I was at home.
> Q: It says you left from 12:58-1:34.
> A: I didn't go—I didn't go no where 'til like, maybe, like, 12:58, like how it said.

Tr. p. 39.

As previously noted, a "violation of a single condition of probation is sufficient to permit a trial court to revoke probation." Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005); see also Smith v. State, 727 N.E.2d 763, 766 (Ind. Ct. App. 2000); Brooks v. State, 692 N.E.2d 951, 953-54 (Ind. Ct. App. 1998). Under these facts and circumstances, the trial court's revocation of Clark's probation is supported by sufficient evidence.

## II. Sentencing

Clark next argues that revoking her probation was an abuse of the trial court's discretion. She asserts that the nature and circumstances of her violations are so innocuous that revocation was an abuse of the court's discretion. We review a trial court's decision in a probation revocation proceeding for an abuse of discretion. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court.

5

<u>Prewitt v. State</u>, 878 N.E.2d 184, 188 (Ind. 2007). Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. <u>Terrell v. State</u>, 886 N.E.2d 98, 103 (Ind. Ct. App. 2008), <u>trans. denied</u>. If a violation is proven, the trial court must then determine if the violation warrants revocation of the probation. <u>Id</u>. at 104-05.

Clark's sentence was not an abuse of discretion. She repeatedly violated the terms of her probation. Clark admitted to leaving on July 4, 2012. Clark attempts to minimize this probation violation by alleging that she did not know that her equipment had become unplugged and that she was doing what she claimed to be doing. Clark also violated the conditions several other times. In light of Clark's multiple probation violations, the trial court acted well within its discretion when it sentenced her to serve two years of her previously-suspended sentence.

**Conclusion**

There was sufficient evidence for the trial court to find that Clark had violated the terms of her probation. The trial court did not abuse its discretion by ordering Clark's sentence to be executed with the Indiana Department of Corrections.

Affirmed.

KIRSCH, J., and CRONE, J., concur.