Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 22 2013, 5:29 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GILDA W. CAVINESS**
Caviness Law Office, LLC
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN K. MOORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1301-CR-40 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Special Judge
Cause No. 73D01-1001-FC-7

**October 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brian Moore ("Moore") pleaded guilty in Shelby Superior Court to Class C felony trafficking with an inmate and was sentenced to four years with two years to be served in the Indiana Department of Correction and two years suspended. The State subsequently filed a petition to revoke Moore's probation. The trial court found by a preponderance of the evidence that Moore violated the terms of his probation and ordered that the suspended sentence be executed. Moore appeals and argues that there was insufficient evidence for the trial court to revoke his probation and that Indiana's probation statutes are too vague or ambiguous to provide adequate notice to Moore of his required conduct.

We affirm.

**Facts and Procedural History**

On April 7, 2010, Moore pleaded guilty to Class C felony trafficking with an inmate. On May 5, 2010, Moore was sentenced to four years, with two years to be served in the Indiana Department of Correction and two years suspended. Appellant's Appendix p. 31. Moore was placed on probation for two years. During the sentencing hearing, the trial court informed Moore of the terms of his probation. The first term was that Moore was ordered not to commit another crime. Sentencing Tr. p. 25.

On March 2, 2012, the State filed a petition to revoke probation alleging that Moore's whereabouts were unknown. Moore appeared at the March 14, 2012 revocation hearing, and testified that he had never been released from incarceration. He was currently being held in Shelby County for new charges, and "caught a new case" while he was incarcerated. Probation Tr. p. 4. The petition was dismissed.

2

On September 17, 2012, the State filed a second petition to revoke probation alleging that Moore had been charged with Class A felony dealing in cocaine "on or about the 4th day of February, 2012." Appellant's App. p. 46. During the November 8, 2012 fact finding hearing, the State introduced copies of Moore's guilty plea and sentencing order for the Class A felony dealing in cocaine charge. The trial court revoked Moore's probation and ordered Moore to serve his previously suspended sentence with the Department of Correction. Appellant's App. p. 56.

## Discussion and Decision

The trial court's decision to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. Under Indiana Code section 35-38-2-3(a), a court may revoke probation if a person violates a condition of probation during the probationary period. In addition, under Indiana Code section 35-38-2-1(b), the court may revoke probation if a probationer commits any additional crime.

## I. Insufficient Evidence

Moore argues that there was insufficient evidence for the trial court to revoke his probation. When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor reassess witness credibility." Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citing Marsh v. State, 818 N.E.2d 143, 148 (Ind. Ct. App. 2004)). Rather, we look to the evidence most favorable to the State and affirm the judgment if "there is substantial evidence of probative value supporting revocation." Id. We are also

3

reminded that the State's burden of proof regarding alleged probation violations is proof by a preponderance of the evidence. Id.

On February 4, 2012, while on probation for his trafficking offense, Moore committed another crime by dealing cocaine. He pleaded guilty to this offense. Therefore, there is sufficient evidence that Moore violated the terms of his probation. As previously noted, a "violation of a single condition of probation is sufficient to permit a trial court to revoke probation." Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005); *see also* Smith v. State, 727 N.E.2d 763, 766 (Ind. Ct. App. 2000); Brooks v. State, 692 N.E.2d 951, 953-54 (Ind. Ct. App. 1998).

Moore argues that because he did not receive a written copy of the terms, he did not receive sufficient notice of the terms of his probation. In Braxton v. State, 651 N.E.2d 268, 270 (Ind. 1995) the Indiana Supreme Court held that, "The law of this state is well-established that although a trial court must specify the conditions of probation in the record, it is always a condition of probation that a probationer not commit an additional crime." (Internal citations omitted). During the May 5, 2010 sentencing hearing Moore admitted that he had been placed on probation several times in the past. Sentencing Tr. pp. 15-16. The trial court explicitly told Moore that the first term of his probation was that he was not to commit any other crimes. Id at 25.

Given that the trial court directly told Moore that commission of another crime would violate his probation, and given that Moore had been placed on probation several times in the past, Moore had sufficient notice that commission of a crime was a probation

4

violation. Under these facts and circumstances, the trial court's revocation of Moore's probation is supported by sufficient evidence.

## II. Adequate Notice

Moore argues that Indiana Code Sections 35-38-2-3(a), 35-38-2-2.3, and 35-38-2-1 are too vague or ambiguous to provide adequate notice to Moore of his required conduct. "A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement." Brown v. State, 868 N.E. 2d 464, 467 (Ind. 2007). (citation omitted). The statute need only inform the individual of the generally proscribed conduct; a statute need not list with itemized exactitude each item of conduct prohibited. State v. Downey, 476 N.E.2d 121, 122 (Ind. 1985) (citation omitted).

Indiana Code Section 35-38-2-3(a) dictates when a trial court may revoke probation:

> The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period; and (2) the petition to revoke probation is filed during the probationary period or before the earlier of the following: (A) One (1) year after the termination of probation. (B) Forty-five (45) days after the state receives notice of the violation.

While Indiana Code Section 35-38-2-1[1] and Indiana Code Section 35-38-2-2.3[2]

---

[1] Ind. Code Section 35-38-2-1 provides:

(a) Whenever it places a person on probation, the court shall:
(1) specify in the record the conditions of the probation; and
(2) advise the person that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:
　　(A) One (1) year after the termination of probation,

5

require trial courts to provide conditions of probation to defendants. Section 35-38-2-1 (a) requires trial courts to advise the person of the probation conditions whenever it places that person on probation. Section 35-38-2-2.3 requires trial courts to provide a written copy of the probation provisions and inform the person that the State can file a petition to revoke probation even after the probationary period has ended. In this case the trial court complied by explicitly reading the terms of probation to Moore. The State filed a petition to revoke probation during the probationary period.

Moore further argues that the statutes are vague because they do not provide a definition of "probationary period." Appellant's Br. p. 7. This court has defined the "probationary period" as "that period of time beginning immediately after sentencing and ending at the conclusion of the 'probationary phases' of the defendant's sentence. Here, the petition was filed after sentencing but before the conclusion of the 'probationary phase.'" Ashley v. State, 717 N.E.2d 927, 928 (Ind. Ct. App. 1999). In this case the State filed its petition to revoke probation after the sentencing and before the end of the formal probationary period. We therefore conclude that Moore has not established that

(B) Forty-five (45) days after the state receives notice of the violation.

[2] Ind. Code Section 35-38-2-2.3 provides:

(b) When a person is placed on probation, the person shall be given a written statement specifying:
(1) the conditions of probation; and
(2) that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:
(A) One (1) year after the termination of probation.
(B) Forty-five (45) days after the state receives notice of the violation.

the probation statues are vague or ambiguous, and he was given adequate notice of his required conduct.

## Conclusion

For all of these reasons, we affirm the revocation of Moore's probation.

Affirmed.

NAJAM, J., and BROWN, J., concur.