**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 28 2014, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| URIAH M. LEVY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1402-CR-67 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-1205-FC-451

**July 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

As part of a plea agreement, Appellant-Respondent Uriah Levy pled guilty to Class D felony cocaine possession and Class A misdemeanor carrying a handgun without a license. The trial court imposed a sentence of 548 days of incarceration for cocaine possession and 365 days for carrying a handgun without a license, credited Levy with ninety-four days served, ordered that the sentences be served consecutively, suspended the balance, and placed Levy on probation for 360 days. Ultimately, after the trial court found that Levy had violated the terms of his probation for second time, it revoked his probation and imposed a sentence of ten days fewer than the entire suspended portion. Levy contends that the trial court abused its discretion in ordering that he serve all but ten days of his remaining suspended sentence while leaving in place a period of probation to be served after release from incarceration. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 26, 2012, Levy pled guilty to Class D felony cocaine possession and Class A misdemeanor carrying a handgun without a license. That same day, the trial court sentenced Levy to 548 days of incarceration for cocaine possession, credited him with ninety-four days served, and suspended the balance. The trial court sentenced Levy to one year of incarceration for carrying a handgun without a license and suspended the entire sentence. The trial court ordered that the sentences for both counts be served consecutively and placed Levy on probation for 360 days. In summary, Levy had 360 days remaining on his cocaine possession sentence and 365 days on his carrying a handgun without a license sentence.

On April 4, 2013, the trial court found that Levy had violated the terms of his probation, imposed 142 days of his previously-suspended sentence, and extended his probation by 183 days. The trial court credited Levy with seventy-one actual days spent in jail awaiting the disposition of Appellee-Petitioner the State of Indiana's petition to revoke suspended sentence, and for credit time of 142 days, to be applied against his carrying a handgun without a license sentence. The trial court's April 4, 2013, disposition left Levy with 360 days remaining on his cocaine possession sentence and 223 remaining on his carrying a handgun without a license sentence.

On January 2, 2014, the trial court found that Levy had again violated the terms of his probation. On January 23, 2014, the trial court found that Levy had served 102 actual days awaiting the disposition of the State's petition to revoke his suspended sentence, ordered him to serve 360 days in the Department of Correction ("DOC") for cocaine possession, ordered him to serve 213 days (out of 223 remaining) in the Howard County Jail for carrying a handgun without a license, and credited him with 204 days of credit time against his carrying a handgun without a license sentence. The effect of the trial court's January 23, 2014, disposition was that Levy would serve nine additional days in the Howard County Jail for carrying a handgun without a license and 360 in the DOC for cocaine possession, and that only ten days of his original sentence had yet to be ordered executed. Additionally, Levy would still serve 183 days on probation when released from incarceration.

## DISCUSSION AND DECISION

Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right."

3

*Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

Levy seems to argue that the trial court left ten days of his sentence unexecuted so that his 183-day probation would remain in effect, characterizing this as an abuse of discretion. Levy's argument, as we interpret it, presupposes that the trial court could not have left his 183-day probation in place had it ordered all of his suspended sentence to be executed. This, however is not the case. Indiana Code subsection 35-38-2-3(h) provides that

> (h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose *one (1) or more* of the following sanctions:
>> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

(Emphasis added). Pursuant to the relevant statute, the trial court was within its authority to order a portion of Levy's sentence to be executed as well as leaving the previously-ordered extended probationary period in effect, and Levy cites to no other authority suggesting an

4

abuse of discretion was committed here.  We conclude that the trial court did not abuse its discretion in its disposition.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.