**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KENNETH E. BIGGINS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN PIERCE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1405-CR-324 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1210-FC-2038

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Brian Pierce appeals the trial court's revocation of his probation. Pierce asserts that the trial court abused its discretion when it admitted hearsay evidence during the revocation hearing. Pierce also contends that the evidence was insufficient to support the trial court's finding that he violated a condition of his probation. Finding no abuse of discretion and sufficient evidence that Pierce violated a condition of his probation, we affirm.

**Facts and Procedural History**

Pierce pled guilty to one count of class C felony battery resulting in injury to a pregnant woman and one count of class D felony domestic battery in the presence of a child less than sixteen years old. Pursuant to the plea agreement, the trial court sentenced Pierce to four years of probation. Pierce began serving his probation on March 11, 2013. In January 2014, the Madison County Department of Child Services investigated child molestation allegations made by four-year-old W.A. against Pierce. Pierce is not W.A.'s biological father, but has always played the role of a father in her life. During a forensic interview, W.A. revealed that Pierce had touched her vagina on three separate occasions and had also taken inappropriate pictures of her. On March 6, 2014, the State filed a notice of probation violation alleging that Pierce violated the terms of his probation by committing the new offense of child molestation. Following a hearing, the court found, by a preponderance of the evidence, that Pierce had violated his probation, and therefore the court revoked his probation. This appeal ensued.

## Discussion and Decision

Probation is a matter of grace left to the trial court's discretion and not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* Probation revocation is a two-step process. *Alford v. State*, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), *trans. denied.* First, the trial court must make a factual determination that a violation of a condition of probation has occurred. *Id.* Second, the trial court must make a determination as to whether the violation warrants revocation. *Id.* It is well settled that violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

## Section 1 – Admission of Evidence

Pierce initially contends that the trial court abused its discretion and violated his constitutional right to confrontation during the revocation hearing in admitting hearsay evidence through the testimony of Jenny Chambers, a forensic interviewer with the Madison County Department of Child Services. Over Pierce's hearsay objection, Chambers was permitted to testify regarding the child victim's statements that Pierce had touched her vagina on three separate occasions. Our standard of review for the admissibility of hearsay evidence during revocation proceedings is well settled.

> A probation revocation hearing is not to be equated with an adversarial criminal proceeding. Because probation revocation procedures are to be flexible, strict rules of evidence do not apply. The trial court may consider hearsay bearing some substantial indicia of reliability. Hearsay is admissible in this context if it has a substantial guarantee of trustworthiness. A trial court possesses broad discretion in ruling on the admissibility of evidence, and we will not disturb its decision absent a showing of an abuse of that discretion.

*Peterson v. State,* 909 N.E.2d 494, 499 (Ind. Ct. App. 2009) (citations and quotation marks omitted). Indeed, our supreme court has held that a defendant's due process right to confrontation is satisfied upon a finding that the hearsay evidence is substantially trustworthy. *Smith v. State*, 971 N.E.2d 86, 92 (Ind. 2012).[1]

The record presented supports the trial court's decision to admit the hearsay statements. Chambers gave extensive testimony regarding her training as a forensic interviewer, the general procedure and purposes of child forensic interviews, and her experience in conducting over fifty of these interviews. She explained how non-leading questions are used to discuss body safety and to promote open dialogue with the child. She stated that she provided the four-year-old victim in this case with anatomically accurate diagrams of a child's body, and that the victim was able to use age-appropriate language to correctly identify body parts and to indicate that Pierce had touched her vagina on at least three occasions. Under the circumstances, the trial court had sufficient information before it to deem the hearsay statements substantially trustworthy. We note that Pierce declined to

---

[1] Although not required, ideally the trial court should explain on the record why the hearsay is substantially trustworthy. *See Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007).

cross-examine Chambers. Pierce has not established that the trial court abused its discretion when it admitted Chambers's testimony.

**Section 2 – Sufficiency of the Evidence**

Pierce next argues that the State failed to present sufficient evidence to support the trial court's finding that he violated a condition his probation. Specifically, Pierce argues that the witness testimony presented at trial did not establish the specific dates that he committed the three alleged separate acts of child molesting, and therefore there was insufficient evidence that he committed a new crime during his probationary period. We disagree.

A probation revocation hearing is in the nature of a civil proceeding. *Marsh v. State,* 818 N.E.2d 143, 148 (Ind. Ct. App. 2004). Therefore, an alleged violation of probation need only be proven by a preponderance of the evidence. *Id.* When we review the revocation decision, we neither reweigh the evidence nor reassess witness credibility. *Id.* "Instead, we look at the evidence most favorable to the probation court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so, we will affirm." *Id.* (citation omitted). When the alleged violation of probation is the commission of a new crime, it is not necessary that the State show the probationer was convicted of a new crime. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The State must demonstrate the commission of that new crime by only a preponderance of the evidence. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).

During the revocation hearing in this case, Chambers testified that, in January 2014, she was assigned to investigate recent sexual abuse allegations made by a four-year-old victim against Pierce. Chambers testified that the young child told her that Pierce had touched her vagina on at least three separate occasions. Based upon the statements made by the victim during the forensic interview, as well as additional police interviews of Pierce, the State filed multiple charges against Pierce. At the conclusion of the revocation hearing, the State requested that the trial court take judicial notice of the charging information, which alleges that Pierce committed two acts of child molesting between January 1, 2011 and July 31, 2013, and another act of child molesting on or about January 5, 2014. Tr. at 32.[2] This evidence indicates that the State had probable cause to believe that Pierce committed multiple offenses of child molesting, some of which clearly occurred during his probationary period, which began on March 11, 2013. The aforementioned evidence and reasonable inferences to be drawn therefrom were sufficient to support the trial court's conclusion that it was more likely than not that Pierce committed the crime of child molesting, and that he did so during the probationary period.[3] Accordingly, we affirm the trial court's revocation of probation.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[2] Pierce did not object to the State's request.

[3] We note that Pierce suggests that the trial court improperly employed a "probable cause" standard when it determined that he had violated a condition of his probation. Appellant's Br. at 6. To the contrary, the trial court specifically stated that it found Pierce's violation by a preponderance of the evidence. Tr. at 32.