## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 30 2016, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Denny L. Brown, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 30, 2016 <br><br> Court of Appeals Case No. <br> 15A04-1507-CR-925 <br><br> Appeal from the <br> Dearborn Circuit Court <br><br> The Honorable <br> James D. Humphrey, Judge <br><br> Trial Court Cause No. <br> 15C01-1212-FB-69 |

**Kirsch, Judge.**

[1] Denny L. Brown ("Brown") appeals the trial court's decision to revoke his probation, raising the followed restated issue: whether, after Brown admitted to

having violated probation in several respects, the trial court abused its discretion when it revoked Brown's probation and ordered him to serve part of his previously-suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] In October 2012, while Brown was on probation for a 2011 Ohio breaking and entering conviction, Brown entered his sister's Guilford, Indiana home without permission and took items of personal property from her. In December 2012, the State charged Brown with Class B felony burglary, for the offenses at his sister's home. In September 2013, Brown entered into a plea agreement, in which he pleaded guilty to Class D felony theft, and the State agreed to dismiss the burglary charge. He was sentenced to three years in the Indiana Department of Correction with two years suspended. The plea agreement provided that Brown was to obey all conditions of probation, which included that Brown not commit another criminal offense, not consume controlled substances unless prescribed by a physician, and allow testing by the probation department for the consumption of drugs. *Appellant's App*. at 79-85.

[4] Brown served his executed time on the theft conviction and was released to probation on December 5, 2013, to begin his two years of probation. Brown desired to return to Ohio, where he had been living, so probation supervision

was transferred to the Ohio Adult Parole Authority ("Ohio Parole").[1] In October 2014, Brown's probation officer in Indiana, Steve Miller ("Miller"), received a violation report from Ohio Parole. Based on this report, the State filed a Request for Probation Violation Hearing ("petition to revoke") at the end of October 2014, alleging that Brown had committed a new offense of receiving stolen property, tested positive for using controlled substances, and that he failed to complete a substance abuse program. Miller received a request from Ohio Parole to withdraw the charged violations, in order to allow Ohio Parole to work with Brown in an effort to help him complete his substance abuse counseling program. In November 2014, the probation department dismissed the petition to revoke without prejudice.

[5] In spring 2015, Miller received another report from Ohio Parole stating that Brown had been convicted of the previously-charged receiving stolen property offense as an attempt, had been arrested on another charge, had failed more drug screens in October 2014 and April 2015, and was not compliant with his substance abuse counseling program. On May 12, 2015, the State filed a petition to revoke or modify Brown's probation, alleging that Brown had been convicted of attempted theft, repeatedly tested positive for controlled substances, and failed to complete a substance abuse program. About a month later, in June 2015, the State filed an amended petition to revoke, alleging that Brown had been charged with having committed another criminal offense in

---

[1] Ohio Adult Parole Authority also ordered Brown to complete an alcoholism council program.

January 2015. *Appellant's App*. at 101-02. At a June 22, 2015 hearing, Brown admitted to the charged violations, including having committed new criminal offenses, failing to complete substance abuse counseling, and failing drug tests on June 27, 2014, July 2, 2014, and October 1, 2014. *Tr*. at 8-9. The matter proceeded directly to disposition.

[6] At the hearing, Brown admitted the alleged violations. *Id*. However, he testified that he had taken the medications pursuant to prescriptions, for which he had "the paperwork," and he noted to the trial court that he was not on "street drugs." *Id*. at 13, 15. Brown explained that he did not complete the substance abuse program because it moved locations. He told the trial court he was an expectant father and was employed before being incarcerated, and he asked the trial court to extend his probationary period and not "put [him] in prison." *Id*. at 13. Miller testified that Brown's evidence regarding prescriptions did not "square up" with any of the failed drug screens. *Id*. at 19. He opined that "Ohio Parole has given Mr. Brown every opportunity to avoid this situation," but that Brown had made no efforts to change his behavior. *Id*. at 20. A record from Addiction Services Council, where Brown had attended counseling sessions, was admitted into evidence and reflected that Brown missed multiple appointments and his behavior failed to "uphold[] treatment expectations of the agency." *State's Ex*. 1; *Tr*. at 23. Miller noted that Brown had an "extensive" criminal history in Ohio, as indicated in his pre-sentence investigation report, and Miller recommended that Brown be ordered to serve the previously-suspended two years of his sentence. *Tr*. at 20.

[7] After hearing the evidence, the trial court revoked Brown's probation and ordered him to serve one year and 270 days of his two-year suspended sentence.[2] Brown now appeals.

## Discussion and Decision

[8] Brown argues that the trial court abused its discretion when it revoked his probation and ordered him to serve one year and 270 days of his previously-suspended two-year sentence. The decision to revoke probation is within the sole discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). We review a trial court's decision to revoke probation for an abuse of discretion. *Whatley v. State*, 847 N.E.2d 1007, 1009 (Ind. Ct. App. 2006). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." *Id.*

[9] A probation revocation hearing is in the nature of a civil proceeding. *Marsh v. State,* 818 N.E.2d 143, 148 (Ind. Ct. App. 2004). Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. *Id.* When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. *Id.* Rather, if there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the

---

[2] The transcript reflects that the trial court concluded the hearing and went off the record, but reopened it to recognize that, as Brown was leaving the courtroom, he uttered an obscenity. The trial court advised that such behavior would not be tolerated and would result in contempt if it happened again.

reviewing court will affirm its decision to revoke probation. *Woods*, 892 N.E.2d at 639-40.

[10] Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* Second, if a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.*; *see also Sparks v. State*, 983 N.E.2d 221, 225 (Ind. Ct. App. 2013) (in revocation cases, probationer is entitled to present mitigating evidence to demonstrate that violation does not warrant revocation), *aff'd on reh'g*.

[11] Here, at the fact-finding hearing on the probation violation petition, Brown admitted to the violations, which included failed drug screens, a conviction for a new offense, and having been charged with other offenses. *Tr.* at 8. Brown argues, however, that "his violation did not warrant a revocation and [] the evidence . . . explains and mitigates his violation." *Appellant's Br.* at 7. At the hearing, Brown stated, among other things, that he had completed approximately seven months of his probation prior to his positive drug screen and had completed about four months of substance abuse counseling. He acknowledged "a brief lapse" in counseling but asserted it was because the program had moved. *Tr.* at 10-11; *Appellant's Br.* at 7. He testified that his failed drug tests had to do with prescription narcotics, and he presented

prescription records relative to that claim. He told the trial court that he had been employed at White Castle and was expecting his first child. For these reasons, he asked the trial court not to revoke his probation. The State presented evidence that Brown's prescriptions did not "square up" or correlate to his failed drug screens, and it presented documentation from the Ohio substance abuse program that Brown had missed appointments and was not properly participating. *Tr.* at 19. Thus, although Brown provided explanations and reasons for his failure to complete the drug counseling and the failed drug screens, the State presented evidence of repeated noncompliance. The trial court weighs the evidence and assesses witness credibility; we cannot. *Woods*, 892 N.E.2d at 639. Considering the evidence most favorable to the trial court's judgment, we find that, here, there was substantial evidence of probative value supporting the revocation, and thus, the trial court did not abuse its discretion when it revoked Brown's probation.

[12] The next issue is whether the trial court abused its discretion by ordering Brown to serve one year and 270 days of his suspended-two-year sentence. Pursuant to Indiana Code section 35-38-2-3, a trial court has three options if a defendant violates probation. It may: (1) continue the defendant's probation with no modifications to the probationary conditions; (2) extend the probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the suspended sentence. Ind. Code § 35-38-2-3(h); *Williams v. State*, 883 N.E.2d 192, 195 (Ind. Ct. App. 2008). We review a trial court's sentencing decision in probation revocation proceedings for an

abuse of discretion. *Cox*, 850 N.E.2d at 489 (citing *Sanders v. State,* 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).

[13] Here, the trial court ordered execution of part of the two-year suspended sentence, which it was authorized to do under Indiana Code section 35-38-2-3(h). Specifically, the court ordered that "one year and two hundred seventy days will be revoked[.]" *Tr.* at 24. In reaching that determination, the trial court considered Brown's juvenile and adult criminal history, which included two adult felonies, as well as six probation violations. It also considered that Brown was convicted of a new offense while on probation in Ohio, he failed drug tests, and "he has not taken an opportunity to seek and comply with the drug treatment program." *Id*. In mitigation, the trial court considered that Brown admitted to the violations. Brown urges on appeal that he "had served twenty-three days" at the time of the probation violation hearing, and "[t]his was a sufficient amount of time served for his violation." *Appellant's Br*. at 8. However, "ultimately it is the trial court's discretion as to what sanction to impose under [Indiana Code section 35-38-2-3]." *Abernathy*, 852 N.E.2d at 1022. Based on the record before us, we conclude that Brown has not shown that the trial court's decision to require Brown to serve one year and 270 days of his two-year suspended sentence was an abuse of discretion.

Affirmed.[3]

Mathias, J., and Brown, J., concur.

---

[3] At the probation revocation hearing, the trial court stated, "I'm going to order that one year and 270 days will be revoked, probation will terminate." *Tr*. at 24. The State asserts that, based on its calculations of the time remaining on Brown's sentence, the trial court "incorrectly releas[ed] Brown from liability for 56 days of his original sentence" when it terminated probation following execution of the one year and 270 days, and it thereby "seems to depart from the plea agreement[.]" *Appellee's Br*. at 14. The State asks us to remand with instructions for the trial court "to consider the disposition of the remaining 56 days of Brown's sentence." *Id*. We decline this request, initially noting that the State voiced no objection or opposition to the trial court regarding its sentencing and, thereby, waived the issue for appeal. *Marsh v. State*, 818 N.E.2d 143, 145 (Ind. Ct. App. 2004). Waiver notwithstanding, we find remand is not necessary. Here, even if, as the State asserts, the trial court's sentencing decision released Brown from some portion of the sentence provided in his plea agreement, a trial court is not precluded from imposing a sentence that varies from the terms of the plea agreement. *See Abernathy v. State*, 852 N.E.2d 1016, 1022 (Ind. Ct. App. 2006) (trial court did not abuse its discretion by imposing previously-suspended sentence, even though it resulted in total period of incarceration that exceeded plea agreement's cap on executed time); *Cox v. State*, 850 N.E.2d 485, 491 (Ind. Ct. App. 2006) (same). We thus reject the State's claim that the trial court "depart[ed] from the plea agreement" and that remand is necessary. Any inconsistency between the imposed sentence and the plea agreement reflects the trial court's decision of what sanction to impose for a defendant's probation violation(s), which is a matter left to the trial court's discretion. *See Abernathy*, 852 N.E.2d at 1021.