## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

George F. Hauk, IV,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner.*

January 31, 2018

Court of Appeals Case No.
70A01-1710-CR-2455

Appeal from the Rush Superior Court

The Honorable Brian D. Hill, Judge

Trial Court Cause No.
70D01-1404-FA-150

**Bradford, Judge.**

# Case Summary

On January 8, 2015, Appellant-Respondent George F. Hauk IV was sentenced to eight years, with four years executed on home detention and four years suspended to probation after he pled guilty to Class B felony dealing in methamphetamine. On May 15, 2017, Appellee-Petitioner the State of Indiana ("the State") filed a petition alleging that Hauk had violated the terms of his probation by being convicted of Level 3 felony rape and Level 6 felony sexual battery. Hauk subsequently admitted to the violation. After accepting Hauk's admission, the trial court revoked Hauk's four-year suspended sentence and ordered that the four-year sentence be served in the Department of Correction ("DOC").

On appeal, Hauk contends that the evidence is insufficient to prove that he violated the terms of his probation. In raising this contention, Hauk concedes that the State sufficiently proved that he had been convicted of Level 3 felony rape, but claims that the State failed to prove that the rape occurred while he was on probation. Concluding otherwise, we affirm.

# Facts and Procedural History

On April 1, 2014, the State charged Hauk with Class A felony dealing in methamphetamine, Class B felony possession of methamphetamine, Class B felony dealing in methamphetamine, Class D felony possession of methamphetamine, Class D felony dealing in a legend drug, and Class D felony

unlawful possession or use of a legend drug or precursor. Hauk subsequently agreed to plead guilty to Class B felony dealing in methamphetamine. In exchange for Hauk's guilty plea, the State agreed to dismiss the remaining charges and to an eight-year maximum sentence. The trial court accepted Hauk's guilty plea on January 8, 2015, and imposed an eight-year sentence with four years suspended to probation. The trial court also ordered that the executed portion of Hauk's sentence would be served on home detention.

[4] On May 15, 2017, the State filed a probation renovation petition. In this petition, the State alleged that Hauk had violated the terms of his probation by committing another criminal offense. Specifically, the State alleged that Hauk "was charged in Rush County Indiana on May 4, 2017 under cause 70C01-1705-F3-343 ["Cause No. F3-343"] for Rape-Level 3 Felony and Sexual Battery-Level 6 Felony. The aforementioned charges were committed between March 1, 2016 and April 15, 2016." Appellant's App. Vol. II, p. 69.

[5] The State filed a second probation revocation petition on August 10, 2017. In this petition, the State alleged that Hauk had violated the terms of his probation by failing to inform his probation officer that he had been in contact with law enforcement within twenty-four hours of being charged with rape under Cause No. F3-343.

[6] On September 25, 2017, the parties appeared before the trial court for a hearing on the State's petitions. At that time, Hauk, through counsel, indicated that he wished to admit the allegation contained in the petition that was filed on May

15, 2017. After Hauk indicated that he wished to admit to the alleged probation violation, the following exchange occurred:

> [The Court]: Do you now, in fact admit to the allegations outlined in your Petition for Revocation of Probation filed on or about May 15th, 2017?
>
> [Hauk]:       Yes.
>
> [The Court]: Does the State have a [factual basis] to offer?
>
> [The State]:  Yes, your Honor.  If this matter were to proceed to an Adjudicatory hearing, the State would prove by a preponderance of the evidence that [Hauk] was placed on probation for a period of thirty, forty-eight months after being convicted of Dealing in Methamphetamine as a Class "B" Felony.  The State would show that Mr. Hauk, uh, was, one of the rules of probation was he would not commit another criminal offense.  And that while he was still on probation here on March 1st, uh, through April 15th, sometime in that time-period, uh, Mr. Hauk, uh, committed the offense of Rape and he was charged with that on May 4th of 2017 under cause number 70C01-1705-F3-343.  Uh, rape as a Level 3 Felony and Sexual Battery [a]s a Level 6 Felony.  He subsequently had a Jury trial on that and was convicted of both counts on or about August 23rd of 2017.  The State would, uh, show that all of those events occurred while he was still on probation here in Rush County, Indiana.
>
> [The Court]: Mr. Hauk, are those facts true?
>
> [Hauk]:       I admit I was convicted at trial.  I'm pursuing my innocence and appealing it.
>
> [The Court]: Court finds the, uh, Defendant to be twenty-one years of age.  Understands the nature of the allegations, uh, the possible penalties.  I'll find the admission is freely and voluntarily

given and that there is a factual basis. I'll accept the admission. Find the Defendant to have violated probation pursuant to the allegations contained in that Petition for Revocation of Probation on May 15th.

Tr. Vol. II, p. 7. The trial court subsequently revoked the four-year previously suspended portion of Hauk's sentence and ordered that the four years be served in the DOC. The trial court further ordered that the four years be served "consecutive to the executed sentence in [Cause No. F3-343]." Appellant's App. Vol. II, p. 84 (emphasis removed from original). This appeal follows.

# Discussion and Decision

On appeal, Hauk challenges the revocation of his probation.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[8]     In challenging the revocation of his probation, Hauk contends that the State

failed to present sufficient evidence to prove that he violated the terms of his

probation.  As is stated above, Hauk concedes that the State sufficiently proved

that he had been convicted of Level 3 felony rape, but claims that the State

"presented no evidence to show that the rape occurred" while he was on

probation.  Appellant's Br. p. 9.

> A probation revocation hearing is in the nature of a civil
> proceeding.  *Marsh v. State*, 818 N.E.2d 143, 148 (Ind. Ct. App.
> 2004).  Therefore, an alleged violation of probation only has to
> be proven by a preponderance of the evidence.  *Id.*  When we
> review the determination that a probation violation has occurred,
> we neither reweigh the evidence nor reassess witness credibility.
> *Id.*  "Instead, we look at the evidence most favorable to the
> probation court's judgment and determine whether there is
> substantial evidence of probative value supporting revocation.  If
> so, we will affirm."  *Id.*  When, as here, the alleged probation
> violation is the commission of a new crime, the State does not
> need to show that the probationer was convicted of a new crime.
> *Richeson v. State*, 648 N.E.2d 384, 389 (Ind. Ct. App. 1995), *trans.
> denied*.  The trial court only needs to find that there was probable
> cause to believe that the defendant violated a criminal law.  *Id.*

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006).

[9]     The Indiana Supreme Court has held that probation revocation is a two-step

process.  *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).  "First, the court must

make a factual determination that a violation of probation actually occurred.  If

a violation a proven, then the trial court must determine if the violation

warrants revocation of the probation."  *Id.*  When a probationer admits to the

violation, the first step is satisfied and the trial court may move to the second step and determine whether the violation warrants revocation of the probationer's probation. *Id.*

[10] In this case, Hauk admitted that he had been convicted of a new crime, *i.e.*, rape. While evidence of a conviction is not necessary to prove that a probationer committed a new crime, we conclude that evidence of a conviction is sufficient to prove that there was probable cause to believe that the probationer violated a criminal law. *See Whatley*, 847 N.E.2d at 1010 (providing that the State is not required to show that a probationer has been convicted of a new crime, but only that there was probable cause to believe the probationer violated a criminal law). As such, we further conclude that the trial court could rely on Hauk's admission that he had been convicted of rape in finding that Hauk had violated the terms of his probation. Therefore, the fact that Hauk also indicated that he was "pursuing his innocence and appealing it[,]" Tr. Vol. II, p. 7, did not invalidate his admission.

[11] Further, the factual basis presented by the State clearly indicated that the new offense of which Hauk had been convicted of committing, *i.e.*, the rape, occurred while Hauk was on probation in the instant case. Hauk did not dispute this fact when he admitted to the violation. As such, we conclude that Hauk's contention that the State failed to present sufficient evidence to prove that he committed the rape while on probation is without merit.

[12] The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.