

**FILED**

May 27 2015, 8:10 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| John T. Wilson<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tommy Lampley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 27, 2015<br><br>Court of Appeals Case No.<br>48A04-1405-CR-231<br><br>Appeal from the Madison Circuit Court<br><br>Lower Court Cause No.<br>48D03-9809-CF-209<br><br>The Honorable Thomas Newman, Jr.<br>Judge |

**Pyle, Judge.**

## Statement of the Case

[1] Tommy Lampley ("Lampley") appeals the trial court's order revoking his probation. On appeal, he claims that the trial court abused its discretion by revoking his probation because the State presented insufficient evidence showing that he violated a term of his probation. Because Lampley admitted to

participating in unlawful conduct during his probationary period, we affirm the trial court's order revoking his probation.

[2] We affirm.

## Issue

[3] Whether the trial court abused its discretion by revoking Lampley's probation.

## Facts

[4] On September 2, 1998, the State charged Lampley with assisting a criminal as a Class C felony.[1] Lampley pled guilty the same day, and on October 21, 1998, the trial court sentenced Lampley to eight (8) years with five (5) years executed in the Department of Correction and the remaining three (3) years suspended to probation. The trial court ordered that Lampley serve his sentence consecutively to a prior possession of cocaine conviction.

[5] On January 17, 2014, Lampley filed a motion to modify his sentence, and the trial court held a hearing on March 10, 2014. After taking evidence from Lampley and hearing arguments from the State, the trial court modified Lampley's placement of his executed sentence to work release over the State's objection.

---

[1] IND. CODE § 35-44-3-2.

[6] Lampley arrived at the Madison County Work Release Center on March 11, 2014. From March 12 to March 29, 2014, the work release center issued Lampley approximately twenty (20) conduct reports for violations ranging from testing positive for marijuana, to threatening staff. On April 2, 2014, the work release officials filed a petition to terminate Lampley from their program because of his noncompliance with the rules. On the same day, the trial court held an initial hearing on the violation and remanded Lampley to the county jail until the violation was resolved.

[7] The trial court held an evidentiary hearing on the work release violation on April 7, 2014. At that time, Lampley admitted to violating the terms of his work release and asked the court, even though he had six months remaining on his executed sentence, to release him or give him a sanction of thirty days in jail before releasing him to probation. The State requested and was granted a continuance of the hearing. In the meantime, on April 11, 2014, the probation department filed a notice of violation alleging that Lampley had failed to successfully complete his executed time on work release.

[8] On April 14, 2014, the trial court held an initial hearing on the probation violation, and the State, without objection from Lampley, amended the notice of violation to include the allegation that Lampley failed to "behave well in society." (Tr. 22). The court granted the amendment, entered a denial on Lampley's behalf, and set the matter for an evidentiary hearing on April 21, 2014.

At the evidentiary hearing, three work release officers testified about a tobacco violation and threatening gestures and remarks that Lampley had made toward them while he was a resident at the facility.[2] On direct-examination, Lampley again admitted to violating the rules of the work release facility. On cross-examination, he specifically admitted that he had smoked marijuana in celebration of leaving the Department of Correction. At the conclusion of evidence, the trial court issued the following order entitled "ORDER ON VIOLATION OF PROBATION And WORK VIOLATION" [sic]:

> Defendant appears in person and by counsel, Bryan Williams; State appears by Deputy [Prosecuting Attorney] Jeffrey Lockwood on probation violation and work release evidentiary hearing. The Defendant having partially admitted to violation, evidence presented in part regarding other allegations. The Court finds defendant violated the conditions of work release and probation as admitted and as presented in evidence. Sanction argued. The Court revokes defendant's sentence and orders said sentence to be served in the Indiana Department of Correction.

(App. 30). Lampley now appeals.

---

[2] We note that Lampley's conditions of probation were not entered into evidence, though they were included in the appendix on appeal. The better practice is for the State to introduce the conditions either through the testimony of the probation officer, certified documents, or having the trial court take judicial notice of its records showing the probationer's conditions of probation. Not entering the conditions of probation into evidence has previously been argued to this court. *See Johnson v. State*, 692 N.E.2d 485, 486 (Ind. Ct. App. 1998). However, because Johnson did not object to evidence of the alleged violation in that case, we deemed his argument waived. *Id*. at 487. We caution that failing to enter the conditions of probation into evidence runs the risk of not satisfying the substantial evidence of probative value standard we use on review. *See, e.g.*, *id*.

# Discussion

Lampley asserts that the trial court revoked his probation in part because of his failure to complete work release and because he failed to behave well in society.[3] He claims that the trial court erred in two ways: (1) that successfully completing work release was not a term of his probation and could not be a basis for revocation; and (2) the State presented insufficient evidence proving that he did not behave well in society.

> Probation is a matter of grace and a conditional liberty which is a favor, not a right. The trial court determines the conditions of probation and may revoke probation if those conditions are violated. The decision to revoke probation is within the sound discretion of the trial court. And its decision is reviewed on appeal for abuse of discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Further, on appeal we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witness. If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation.

*Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012) (internal quotations and citations omitted).

We first note that Lampley is indeed correct in his assertion that the trial court cannot revoke his probation for a violation that was not a condition of his

---

[3] Lampley does not challenge the revocation of his work release placement.

probation. *Atkins v. State*, 546 N.E.2d 863, 866 (Ind. Ct. App. 1989) ("A defendant's probation cannot be revoked for an alleged violation of a non-existent term of probation"). However, the title and content of the trial court's order suggests that his work release and probation violations were addressed separately. More than likely, the State amended the notice of violation at the initial hearing because of the realization that, in this instance, Lampley's probation could not be revoked for failing to complete work release successfully. Therefore, we do not find that Lampley's probation was revoked for failing to complete work release. As a result, we turn our attention to the evidence supporting the revocation of his probation.

[14] Lampley argues that "the record is barren of any evidence that [he] engaged in unlawful conduct . . . ." (Lampley's Br. 6). We disagree. As we previously observed, Lampley admitted at the evidentiary hearing that he smoked marijuana in celebration of leaving the Department of Correction, resulting in his positive urine screen at work release. Though Lampley was not arrested, the State does not have to show that he was convicted of a new crime. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Rather, the State can demonstrate the commission of a new crime by a preponderance of the evidence. *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013). In addition, a trial court can revoke probation prospectively, as "a defendant's 'probationary period' begins immediately after sentencing." *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000) (citing *Ashley v. State*, 717 N.E.2d 927, 928 (Ind. Ct. App. 1999)), *trans. denied*.

Lampley's confession to smoking marijuana is sufficient evidence to support revocation of his probation, and we find no abuse of discretion with the trial court's order. *See, e.g.*, *Smith v. State*, 504 N.E.2d 333, 334 (Ind. Ct. App. 1987) (probation revocation affirmed where defendant confessed to new crime).

Affirmed.

Barnes, J., and May, J., concur.