## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 29 2015, 9:03 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennifer Gibson Pearson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 29, 2015

Court of Appeals Case No.
34A05-1505-CR-267

Appeal from the Howard Circuit Court

The Honorable Lynn Murray, Judge

Trial Court Cause No.
34C01-1008-FD-177

**Pyle, Judge.**

# Statement of the Case

[1] Appellant/Defendant, Jennifer Gibson Pearson ("Pearson"), appeals the trial court's revocation of her probation and order that she serve part of her previously suspended sentence for Class D felony theft. At her probation revocation hearing, Pearson admitted to violating the conditions of her probation by using controlled substances and failing to appear for drug screens, but she requested that the trial court allow her to seek treatment for her drug addictions rather than serve her previously suspended sentence. At the conclusion of the hearing, the trial court chose to revoked her probation and ordered her to serve part of her sentence.

[2] On appeal, Pearson argues that the trial court abused its discretion in ordering her to serve her sentence because it should have, instead, fashioned a sanction that was based on her individual needs and allowed her to seek drug treatment. Because there was evidence that probation was not effective for Pearson, we conclude that the trial court did not abuse its discretion in ordering her to serve her previously suspended sentence rather than seek drug treatment.

[3] We affirm.

# Issue

Whether the trial court abused its discretion in revoking Pearson's probation and ordering her to serve part of her previously suspended sentence.

# Facts

[4]  Pearson pled guilty to Class D felony theft on July 13, 2011. The trial court accepted the plea and, in accordance with the terms of her plea agreement, sentenced her to three (3) years with an executed sentence of six (6) months to be served on in home detention and the rest of the sentence to be suspended to supervised probation. The terms of Pearson's probation included that she could not violate any city, state, or federal law and that she could not consume or possess any controlled substances, including marijuana, except as prescribed by a physician. She was required to submit to alcohol and drug testing as ordered by the Probation Department and was informed that a refusal to submit to a urine screen would be considered the same as a positive drug screen. Pearson signed an acknowledgement affirming that she knew and understood the terms of her probation.

[5]  On August 28, 2012, the Probation Department filed a petition to revoke Pearson's probation ("first petition"), alleging that Pearson had tested positive for amphetamine and methamphetamine on a drug screen conducted on July 25, 2012. On November 14, 2012, Pearson admitted to the allegation in the petition, and the trial court revoked her probation and ordered her to serve eighty-eight (88) days of her previously suspended sentence in the Howard County Criminal Justice Center. The trial court also ordered that her probation be extended by nine (9) months and that it be tolled during her incarceration.

[6]  Almost two years later, on October 7, 2014, Pearson again tested positive for controlled substances—morphine, a heroin metabolite, and codeine. She also

tested positive for opiates on November 13, 2014, and failed to report to the lab for drug screens on November 6, 2014, and November 19, 2014. On December 4, 2014, the Probation Department filed a second petition to revoke Pearson's probation ("second petition") based on these alleged violations.

[7] On the same day that the Probation Department filed its second petition, Pearson again failed to report to the lab for a drug screen, and she also failed to report for a drug screen on December 30, 2014. On January 26, 2015, the Probation Department filed a third petition to revoke her probation ("third petition") based on these violations. The third petition also alleged that Pearson had violated the terms of her probation by committing new offenses in Blackford County, including Level 5 felony dealing in methamphetamine; Level 6 felony possession of marijuana; Level 6 felony possession of chemical reagents/precursors with intent to manufacture; Level 6 felony maintaining a common nuisance; and Class A misdemeanor possession of paraphernalia.

[8] On April 15, 2015, the trial court held an evidentiary hearing on the second and third petitions. At the hearing, Pearson admitted that on more than one occasion she had tested positive for unprescribed controlled substances and had failed to appear for drug screens. She testified that she had been attempting to enter a drug treatment program. However, she admitted that one treatment center had offered her a spot in its program but that she had not accepted because she had not "[felt] that their program [was] going to work for [her]." (Tr. 31). At the time of the hearing, she was not enrolled in any drug treatment programs. She had been attending a methadone clinic for less than a week, but

she also admitted that she had taken heroin in the days before the hearing and would likely still test positive on a drug screen.

[9] In closing argument, Pearson's attorney argued that:

> She needs treatment[.] [S]he doesn't need prison. I suppose the whole greyhound therapy approach would be frowned upon by most[,] but she's pending in Blackford County and let's move on, trying to work with some folks that maybe we can help. We don't appear to have been able to help Mrs. Pearson. She can't help herself and although I asked [Pearson's probation officer] the questions about what he's done, it's not his job to brush her teeth, plain and simply. It's not his job to run around to treatment centers and try to find something that will fit her or that will help her and I don't mean to suggest that[.] She needs help, [and] we're not going to give it to her by putting her in prison for a suspended portion of her sentence.

[10] (Tr. 28). In response, the State argued: "then why do we have this petition to revoke system? What's the point if there's going to be no consequences for failure to comply[?] . . . She's not in jail, she hasn't done any time in jail on these, or very little, on these [revocation petitions]. There should be some consequences for these actions." (Tr. 38-39).

[11] The trial court found that there was no evidence concerning whether Pearson had broken any laws in Blackford County, as alleged in petition three. However, the trial court concluded that there was sufficient evidence that she had tested positive for use of controlled substances and that she had failed to appear for drug screens as alleged in both petitions. The trial court revoked Pearson's probation and ordered her to serve twelve (12) months of her

previously suspended sentence, with her probation to then be terminated as unsuccessful.

[12] In its oral probation revocation order, the trial court gave the following justification for its decision:

> Your addiction [is] so strong that you are using heroin up until the last, just a couple of days ago. It is true that you've had, since 2012 when you at least knew because of the tests that you pled true to the Petition to Revoke for testing positive for illegal substances then, that you had a serious problem[.] [A]nd yet despite either the assistance of our probation department direction or on your own, it seems you've not really been very serious or sincere about trying to find a solution or a treatment to this issue. Or only because we're here, it seems like you're scrambling now, saying this is what I need to do and now I know what I need to do. There needs to be a consequence for violating probation. I don't disagree with the idea that you need to do some treatment but I think that you need to also, your probation in this case I think just needs to be revoked. There's no, absolutely no point in you continuing with probation in this case.

(Tr. 40-41). Pearson now appeals.

# Decision

[13] On appeal, Pearson argues that the trial court abused its discretion in revoking her probation and ordering her to serve twelve (12) months in the Department of Correction. She asserts that the trial court should have let her seek treatment for her drug addiction. In support of this argument, she contends that our supreme court held in *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007), that a trial court should choose the "most effective and appropriate" sanction for an

individual who has violated his or her probation. Here, the State argued that there would not be any point to the probation revocation system if there were no consequences for violating probation, and the trial court concluded that there needed to be a consequence for Pearson's probation violation. Accordingly, Pearson asserts that the trial court focused on "upholding the sanctity of the law" rather than fashioning an appropriate individualized sanction for her. (Pearson's Br. 5).

[14] First, we note that "'[p]robation is a matter of grace and a conditional liberty [that] is a favor, not a right.'" *Lampley v. State*, 31 N.E.3d 1034, 1037 (quoting *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012)). INDIANA CODE § 35-38-2-3(h) sets forth a trial court's sentencing options once the trial court has found a probation violation. It provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> >
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> >
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h). Our supreme court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[15] We disagree with Pearson's contention that the trial court was "upholding the sanctity of the law" rather than fashioning an appropriate sanction for her. (Pearson's Br. 5). Within the context of the rest of the trial court's oral probation revocation order, it is clear that the trial court meant that there needed to be a consequence for Pearson's probation violation because allowing her to merely continue on probation while seeking treatment had not worked. Specifically, the trial court noted that Pearson had known she had a drug addiction since 2012 and had not been "very serious or sincere about trying to find a solution or a treatment to this issue." (Tr. 40-41).

[16] Further, it was within the trial court's discretion to revoke Pearson's probation and order her to serve part of her previously suspended sentence. *See* I.C. § 35-38-2-3(h). As the trial court noted, it is clear that probation was not an effective solution for Pearson. The trial court had already revoked her probation once in 2012, and the court had been lenient when it had ordered her to serve only eighty-eight (88) days of her previously suspended sentence. In addition, Pearson violated the conditions of her probation multiple times. She also admitted that she had declined to enter a drug treatment program and that she had used heroin in the days prior to her probation revocation hearing. In light of these factors, we conclude that the trial court did not abuse its discretion in

revoking Pearson's probation and ordering her to serve twelve (12) months of her previously suspended sentence.

[17] Affirmed.

Vaidik, C.J., and Robb, J., concur.