## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allen L. Ruffin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 13, 2015

Court of Appeals Case No.
02A05-1504-CR-140

Appeal from the Allen Superior Court

The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D05-1201-FD-94

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Allen L. Ruffin (Ruffin), appeals the revocation of his probation.

[2] We affirm.

## ISSUE

[3] Ruffin raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion by revoking Ruffin's probation.

## FACTS AND PROCEDURAL HISTORY

[4] On June 14, 2007, Ruffin was charged under Cause Number 02D04-0706-FB-90 (Cause FB-90) with burglary, a Class B felony, Ind. Code § 35-43-2-1(1) (2006); and receiving stolen property, a Class D felony, I.C. § 35-43-4-2(b) (2006). Ruffin pled guilty to burglary, and the State dismissed the receiving stolen property charge. On February 11, 2008, Ruffin was sentenced to the Indiana Department of Correction (DOC) for ten years, with four years suspended and two years of probation. On November 8, 2010, Ruffin was accepted into the ReEntry Court Program at Allen County Community Corrections; however, his participation in the ReEntry Court Program was terminated on October 31, 2011, due to non-compliance. On December 13, 2011, Ruffin was ordered to complete his sentence in the DOC for a period of four years, with two years suspended to probation.

On January 23, 2012, the State filed an Information in the present case, Cause Number 02D05-1201-FD-94 (Cause FD-94), charging Ruffin with one Count of counterfeiting, a Class D felony, I.C. § 35-43-5-2(a)(2)(D) (2011). Ruffin was alleged to have committed this offense on October 13, 2011, while he was serving his sentence in community corrections in Cause FB-90. On June 15, 2012, Ruffin pled guilty. On July 30, 2012, pursuant to the terms of Ruffin's plea agreement, the trial court sentenced him to a term of two years, with 183 days executed in the DOC and the remaining one year and 182 days suspended to probation. As a condition of probation, Ruffin was ordered, in part, that he "shall behave well" and "shall not abuse alcohol or use drugs." (Appellant's App. p. 56).

On May 23, 2013, the State filed a verified petition in Cause FD-94 to revoke Ruffin's probation, asserting that he had failed to "maintain good behavior." (Appellant's App. p. 58). In particular, the revocation petition alleged that on May 4, 2013, Ruffin committed the additional crimes of resisting law enforcement with the use of a vehicle, a Class D felony, I.C. § 35-44.1-3-1(a)(3), (b)(1)(A) (2012); resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1(a) (2012); and failure to stop after an accident resulting in non-vehicle property damage, a Class B misdemeanor, I.C. §§ 9-26-1-4; -8(b). On May 9, 2013, the State filed an Information under Cause Number 02D06-1305-FD-521 (Cause FD-521), charging Ruffin with these new offenses. On August 23, 2013, Ruffin pled guilty to the Class D felony and the Class B misdemeanor, and the State dismissed the Class A misdemeanor. On September 27, 2013, Ruffin was

sentenced to the DOC for one and one-half years. Also on September 27, 2013, Ruffin admitted that he violated the terms of his probation in Cause FD-94. Instead of revoking his probation, the trial court ordered that he be "returned to probation, subject to the same conditions ordered by [the trial] [c]ourt on [July 30, 2012]" with the additional stipulation of "zero tolerance." (Appellant's App. p. 71). However, the trial court revoked Ruffin's probation under Cause FB-90, and he was ordered to serve a two-year sentence in the DOC. The sentences under Causes FB-90, FD-94, and FD-521 were ordered to be served consecutively.

[7] On October 29, 2014, the trial court approved Ruffin's placement in a community transition program in Causes FB-90 and FD-521; he subsequently returned to the ReEntry Court Program. Between November 16, 2014, and January 16, 2015, Ruffin violated the ReEntry Court Program's rules on twenty separate occasions. Consequently, on January 26, 2015, Ruffin's participation in ReEntry Court was terminated.

[8] On January 27, 2015, the State filed another verified petition to revoke Ruffin's probation in Cause FD-94, again asserting that Ruffin "[d]id not maintain good behavior." (Appellant's App. p. 74). Specifically, the revocation petition alleged that "[o]n January 26, 2015, [Ruffin] was terminated from the ReEntry Court Program under consecutive cause numbers [FB-90] and [FD-521], due to testing positive for synthetic marijuana and failing to attend appointments as instructed." (Appellant's App. p. 74). On March 17, 2015, following a hearing, the trial court found that the State proved "by [a] preponderance of evidence

that [Ruffin] violated the terms and conditions of probation." (Appellant's App. p. 86). Therefore, the trial court revoked Ruffin's probation and ordered his commitment to the DOC to execute the entirety of his suspended sentence—*i.e.*, one year and 182 days—to be served consecutively to his sentences under Causes FB-90 and FD-521.[1]

[9] Ruffin now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Ruffin claims that the trial court abused its discretion by revoking his probation and imposing his suspended sentence under Cause FD-94. It is well established that "defendants are not entitled to serve their sentences in a probation program." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004). Rather, "[p]robation is a matter of grace" and is left to the discretion of the trial court. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). If the trial court finds that a person has violated a condition of probation at any time prior to the end of the probationary period, the trial court may:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

---

[1] By the time of Ruffin's July 30, 2012 sentencing hearing in Cause FD-94, he had already served the executed portion of his sentence (*i.e.*, 183 days). However, it is undisputed that when his probation was revoked on March 17, 2015, Ruffin had not yet begun his probationary period under Cause FD-94 because he was still serving his executed sentence(s) under Causes FB-90 and/or FD-521.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h).

[11] Probation revocation proceedings are civil in nature. *Marsh*, 818 N.E.2d at 148. Therefore, the State is required to prove a probation violation "by a preponderance of the evidence." I.C. § 35-38-2-3(f). On appeal, our court reviews the trial court's decision to revoke probation for an abuse of discretion. *Lampley v. State*, 31 N.E.3d 1034, 1037 (Ind. Ct. App. 2015). It is an abuse of discretion if the trial court's "decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.* We will consider the evidence most favorable to the trial court's judgment to decide "whether there is substantial evidence of probative value supporting revocation." *Marsh*, 818 N.E.2d at 148. In making this determination, we neither reweigh evidence nor assess the credibility of witnesses. *Id.*

[12] In this case, the trial court revoked Ruffin's probation after he was terminated from the ReEntry Court Program for failing to attend his appointments as instructed and for failing a drug test. Ruffin's probation conditions, which he signed on July 30, 2012, explicitly state that he must "behave well" and abstain from any drug use. (Appellant's App. p. 56). "It is well settled that violation of a single condition of probation is sufficient to revoke probation." *Gosha*, 873 N.E.2d at 663. Here, the evidence clearly establishes that Ruffin repeatedly violated the rules of his community corrections program and abused drugs.

Accordingly, we find that it was well within the discretion of the trial court to revoke Ruffin's probation and re-institute his previously suspended sentence.

[13] Although Ruffin does not dispute that he violated the rules of community corrections and engaged in drug use, he nevertheless directs our attention to the trial court's order of September 27, 2013, where—despite his clear probation violation—the trial court did not revoke Ruffin's probation in Cause FD-94. Rather, the trial court permitted Ruffin to return to probation with the added condition of "zero tolerance." (Appellant's App. p. 71). Ruffin asserts that "[l]ogically, [he] could not begin this probation period until finishing the executed sentences in FB-[9]0 and FD-521." (Appellant's Br. p. 11). As such, he now insists that "[s]imply because a mandatory ReEntry program briefly interrupted him serving the executed sentence in [Causes FB-90 and FD-521,] [this] does not provide a valid reason as to why Ruffin should not now get the benefit of the September 27, 2013 order in FD-94." (Appellant's Br. p. 12). In other words, Ruffin posits that he should be permitted to complete "his probation in Cause FD-94 pursuant to the order of September 27, 2013[,] after completing the executed time in [Causes FB-90 and FD-521]." (Appellant's Br. p. 12).

[14] Regardless of the fact that Ruffin had not yet begun to actively serve the probationary part of his sentence in FD-94 at the time of revocation, it is well settled that "[t]he probationary period begins immediately after sentencing and ends at the conclusion of the probationary phase of the defendant's sentence." *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). Here, Ruffin was

sentenced on July 30, 2012, and was informed of the conditions of his probation the same day. Thus, Ruffin's probation was subject to prospective revocation for any violation committed between July 30, 2012, and the expiration of his probation term. *See Lampley*, 31 N.E.3d at 1037. Although Ruffin acknowledges this longstanding precedent, he nonetheless argues that "the rule permitting the court to revoke probation before [Ruffin] enters the probationary phase of his sentence ought not to apply in this case because the violations were a part of the ReEntry Court cases and not a part of the supervision in the case being appealed as Ruffin was not actively satisfying his sentence in FD-94 when the violations in ReEntry Court were committed." (Appellant's Br. p. 11). We find no merit in Ruffin's argument.

[15]     Our court has previously "expressly declined to hold that a defendant could 'commit any number of offenses' between the date of sentencing and beginning his official probation term without any consequence therefor." *Baker v. State*, 894 N.E.2d 594 (Ind. Ct. App. 2008). The fact that Ruffin's conduct resulted in his termination from the ReEntry Court Program in Causes FB-90 and FD-521 does not negate the fact that the same behavior also constituted a violation of his probation terms under Cause FD-94. Moreover, the trial court accorded significant leniency to Ruffin in September of 2013 by not revoking his probation at that time, and Ruffin was fairly warned that the court would impose "zero tolerance" for future violations. (Appellant's App. p. 71). Despite his numerous opportunities to serve his sentences in DOC alternatives, Ruffin disrespected the trial court's authority by repeatedly violating the

conditions of his release and committing new offenses. Thus, it is evident that commitment to the DOC is necessary in order to deter Ruffin's criminal behavior. Accordingly, we decline to undermine the trial court's explicit "zero tolerance" condition and affirm the revocation of Ruffin's probation. (Appellant's App. p. 71).

## CONCLUSION

Based on the foregoing, we conclude that the trial court acted within its discretion in revoking Ruffin's probation.

Affirmed.

Brown, J. and Altice, J. concur