## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna K. Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jenneil Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 26, 2016

Court of Appeals Case No.
15A01-1509-CR-1386

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1208-FB-43

**Pyle, Judge.**

# Statement of the Case

Jenneil Jackson ("Jackson") appeals the trial court's order that she serve 730 days of her previously suspended sentence for Class B felony conspiracy to commit burglary after she violated her probation for that conviction.[1] On appeal, Jackson argues that the trial court abused its discretion in ordering her to serve that amount of her suspended sentence because it was excessive in light of her desire to reform. In light of Jackson's criminal history and the fact that this was her second violation of her probation for her conspiracy to commit burglary conviction, we conclude that the trial court did not abuse its discretion.

We affirm.

# Issue

> Whether the trial court abused its discretion when it ordered Jackson to serve 730 days of her previously suspended sentence in the Indiana Department of Correction ("DOC").

# Facts

On August 28, 2013, Jackson pled guilty to Class B felony conspiracy to commit burglary. The trial court sentenced her to 2,920 days, with 1,460 of those days suspended to probation. One of the conditions of her probation was that she "[n]ot consume any alcohol, illegal drugs or the synthetic form of any illegal drug, or controlled substance, without a valid prescription and submit to

---

[1] IND. CODE §§ 35-41-5-2 and 35-43-2-1(1)(B)(i).

testing as required by Probation, Community Corrections, or a Law Enforcement Officer." (App. 26).

[4] On December 1, 2014, Jackson's probation officer filed a petition to revoke Jackson's probation, alleging that on November 24, 2014, Jackson had violated the terms of her probation by testing positive for marijuana. On May 7, 2015, Jackson pled guilty to the violation, and the trial court ordered her to serve forty-four (44) days of her suspended sentence.

[5] Subsequently, on August 10, 2015, Jackson's probation officer filed a second petition to revoke her probation. In the petition, the officer alleged that on or about July 30, 2015, Jackson had tested positive for methamphetamine and amphetamine. On August 20, 2015, at her initial hearing, Jackson admitted to violation. As a result, the trial court revoked her probation a second time and ordered her to serve 730 days of her previously suspended sentence. As a basis for its order, the trial court cited Jackson's criminal history and the fact that it was her second probation violation in this cause. Jackson now appeals.

## Decision

[6] On appeal, Jackson argues that the trial court abused its discretion in ordering her to serve 730 days of her previously suspended sentence in the DOC. She acknowledges that she violated her probation twice, but she argues that "[r]ather than using her mistake as an excuse to binge and fall completely off the wagon, [she] used her relapse as an impetus to try even harder to maintain sobriety." (Jackson's Br. 8). Specifically, she "went to drug classes and is

working hard to stay sober." (Jackson's Br. 8). In light of this desire to change, Jackson argues that the trial court abused its discretion in ordering her to serve half of her suspended sentence.

First, we note that "'[p]robation is a matter of grace and a conditional liberty [that] is a favor, not a right.'" *Lampley v. State*, 31 N.E.3d 1034, 1037 (Ind. Ct. App. 2015) (quoting *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012)). INDIANA CODE § 35-38-2-3(h) sets forth a trial court's options once the trial court has found a probation violation. It provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h). Our supreme court has held that a trial court's sanction decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). This is because "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* We will find that a trial court has abused its discretion when its

decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[8] Even though Jackson asserts she has been attending drug classes and attempting to stay sober, we cannot conclude that the trial court abused its discretion when it ordered her to serve 730 days of her previously suspended sentence. As the trial court noted, this was Jackson's second probation violation under this cause, and the trial court had already granted her leniency when it ordered her to serve only forty-four days of her suspended sentence and allowed her to then continue on probation after her first probation violation. In addition, Jackson has a notable criminal history that includes several drug and alcohol related offenses. These offenses included, among others, three convictions of Class C misdemeanor illegal consumption of an alcoholic beverage; one conviction of Class B misdemeanor disorderly conduct; and one conviction for Class B misdemeanor public intoxication that endangers the person's life. In addition, Jackson was convicted of Class A misdemeanor conversion in 2007 and violated her probation four times in that cause. In light of the leniency the trial court afforded Jackson in the past and her criminal history, we conclude that the trial court did not abuse its discretion when it ordered her to serve 730 days of her suspended sentence.

[9] Affirmed.

Kirsch, J., and Riley, J., concur.