## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 22 2016, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jacob P. Wahl
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Jenkins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 22, 2016

Court of Appeals Cause No. 82A01-1512-CR-2152

Appeal from the Vanderburgh Superior Court

The Honorable Robert J. Pigman, Judge

Trial Court Cause No. 82D03-0101-CF-47

**Barnes, Judge.**

# Case Summary

Keith Jenkins appeals the revocation of his probation and the sentence imposed upon that revocation. We affirm.

# Issues

The issues before us are:

    I.    whether there is sufficient admissible evidence to support the revocation of Jenkins's probation; and

    II.    whether the trial court abused its discretion in ordering Jenkins to serve the remainder of his sentence in the Department of Correction ("DOC") and in calculating his credit time.

# Facts

In 2001, Jenkins was convicted of two counts of Class A felony dealing in cocaine. The trial court sentenced Jenkins to concurrent terms of forty-five years executed and five years on probation. In September 2012, Jenkins filed a petition for modification of his sentence. The petition was based upon Jenkins's documented serious health problems. Specifically, Jenkins suffers from heart failure, requires extensive treatment, and is a heart transplant candidate. On April 26, 2013, the trial court modified Jenkins's sentence to concurrent terms of twenty-four years, seven months, and twelve days. With time served, this resulted in Jenkins's release from the DOC on May 3, 2013. The modification was conditioned upon Jenkins remaining on probation for

five years, as provided in his original sentence. One of the terms of Jenkins's probation required him to obey all state laws.

[4] After release from the DOC, Jenkins moved to St. Louis, and his probation was monitored by the State of Missouri. Jenkins received permission from his probation officer to travel to Evansville for medical appointments for specialized treatment of his heart condition. On December 11, 2014, Jenkins drove to Evansville for one such appointment. After arriving in Evansville and before going to his appointment, Jenkins went to the home of Joel Kennedy. Kennedy is the cousin of an acquaintance of Jenkins's, Larry Weatherspoon. On that date, Kennedy's home was under surveillance by Detective Tony Johnson of the Evansville Police Department as part of a drug task force investigation. In fact, police had already obtained a search warrant for the home based upon suspected drug dealing occurring there. Detective Johnson observed a man later identified as Jenkins enter the home carrying a dark duffel bag.

[5] Approximately five minutes after Jenkins entered the home, Detective Johnson and a SWAT team executed the search warrant. Detective Johnson saw a duffel bag identical to the one Jenkins had brought into the home sitting on the floor. The bag contained several bricks of marijuana, weighing over ten pounds total, as well as baggies and digital scales. Evansville Police Detective Cliff Simpson also participated in the search of the residence. He knew Jenkins from prior investigations but did not expect him to be at Kennedy's residence. The

drug task force's investigation had been focused solely upon Kennedy and Weatherspoon.

[6] The State charged Jenkins with Level 5 felony dealing in marijuana. Additionally, on January 5, 2015, the State filed a petition to revoke Jenkins's probation. On January 23, 2015, the trial court placed Jenkins on home detention pending resolution of the petition to revoke; the order required Jenkins to live in Evansville but gave him permission to leave home for medical appointments.

[7] Before there was a hearing on the probation revocation petition, there was a trial on the underlying criminal charge against Jenkins that resulted in a hung jury. A probation revocation hearing was held on October 30, 2015. Jenkins testified that he had gone to Kennedy's house solely to rest and play video games before going to his medical appointment and denied any involvement in marijuana dealing. During rebuttal testimony, Detective Simpson mentioned collecting a wheeled suitcase from the residence's attic that smelled of marijuana, in addition to the duffel bag. Apparently, the suitcase had not previously been mentioned in police reports or during Jenkins's criminal trial. At the conclusion of this hearing the trial court took the matter under advisement.

[8] On November 6, 2015, the trial court held a hearing and announced that it had found by a preponderance of the evidence that Jenkins had violated his probation. It revoked Jenkins's probation and ordered him to serve five years in

the DOC. It granted Jenkins credit for time served and good time credit for the period between December 11, 2014 and December 23, 2014,[1] but did not grant Jenkins any credit time for his time on home detention since January 23, 2015. Jenkins's attorney objected that "one of the witnesses at that case changed . . . well stated something new at the hearing that he never mentioned anywhere in his affidavits or at his testimony at the prior trial. Out of the blue new evidence came in." Tr. p. 67. The trial court reaffirmed its ruling in light of this objection. The State thereafter orally moved to dismiss the underlying criminal case against Jenkins. Jenkins now appeals.

# Analysis

## I. Sufficiency of the Evidence

[9] Jenkins first contends there is insufficient admissible evidence to support the revocation of his probation. Probation is a matter of trial court grace, not a right to which a criminal defendant is entitled. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated." *Id.* We review a trial court's revocation of probation and any sanctions imposed thereon for an abuse of discretion. *Id.* An abuse of discretion occurs if a decision is clearly against the logic and effect of the facts and circumstances before the trial court, or if it has misinterpreted the law. *Id.* The first step in the

---

[1] This appears to represent time that Jenkins spent in jail following his arrest for Level 5 felony dealing in marijuana.

probation revocation process is determining whether a violation of a condition of probation actually occurred. *Id.* The second step is determining the appropriate sanction for a violation. *Id.*

[10] Tied into Jenkins's sufficiency argument is his claim that the State improperly introduced evidence during the probation revocation hearing that had never been previously disclosed to Jenkins, either as part of the revocation proceedings or the underlying criminal proceedings. Jenkins contends that this violated his due process rights. The due process rights to which a probationer is entitled before revocation may occur are: "(a) written notice of the claimed violations of probation; (b) *disclosure of the evidence against him*; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body." *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (emphasis added).

[11] However, Jenkins did not contemporaneously object to any testimony or evidence during the revocation evidentiary hearing. The only objection to the evidence came at a hearing several days later, after the trial court had already announced its ruling. The failure to object to evidence introduced during a probation revocation hearing generally waives any claim of error. *Marsh v. State*, 818 N.E.2d 143, 145 (Ind. Ct. App. 2004). Additionally, Jenkins fails to specify in his brief precisely what evidence or testimony the State presented that had not previously been disclosed to him; Jenkins's belated objection also did not specify the objectionable evidence. It would appear, as the State notes in its brief, that Jenkins is complaining about Detective Simpson's testimony

regarding the wheeled suitcase found in the attic of Kennedy's home. However, by failing to specify what evidence he found objectionable or how it prejudiced him, Jenkins's argument on this point lacks cogency and is further waived for this reason. *See Howard v. State*, 32 N.E.3d 1187, 1195 n.11 (Ind. Ct. App. 2015) (citing Ind. Appellate Rule 46(A)(8)(a)).

[12] Waiver notwithstanding, and assuming that Jenkins's argument is about the evidence regarding the wheeled suitcase, we see no basis for reversing the revocation of his probation. In order to revoke probation based on the commission of a new crime, the State does not have to show that the defendant was convicted of a new crime. *Lampley v. State*, 31 N.E.3d 1034, 1037 (Ind. Ct. App. 2015). It is sufficient if the State can demonstrate the commission of a new crime by a preponderance of the evidence. *Id.* In fact, a defendant's probation may be revoked for commission of a new crime even if the defendant was acquitted of having committed the offense, because of the lower standard of proof for probation revocations. *Thornton v. State*, 792 N.E.2d 94, 99 (Ind. Ct. App. 2003).

[13] If we disregard the evidence regarding the suitcase, there still is sufficient evidence to support revocation based on Jenkins's commission of a new crime. Indeed, the evidence regarding the suitcase is irrelevant. The suitcase was not directly tied to Jenkins. Rather, the State's evidence against Jenkins focused upon his carrying a duffel bag into Kennedy's home, which was searched five minutes after Jenkins entered the home, and following a drug task force investigation into drug dealing there. The same duffel bag Detective Johnson

saw Jenkins carry into the home was found to contain over ten pounds of marijuana and other indicia of dealing, i.e. digital scales and plastic baggies. Although officers had not expected to see Jenkins at the house, that does not negate their testimony that he was in fact there and carried the duffel bag into the house. And, even though the State failed to convince a jury that Jenkins was guilty beyond a reasonable doubt of dealing in marijuana, that did not preclude the trial court from finding by a preponderance of the evidence that he had done so. *See id.* There is sufficient evidence to support the revocation of Jenkins's probation, even if we assume that the evidence regarding the wheeled suitcase was inadmissible.

## II. Sentence

Jenkins also contends that, in light of his serious health concerns, the trial court abused its discretion in ordering him to serve the remaining five years of his sentence at the DOC. We will reverse the sanction imposed by a trial court following a determination that a probation violation occurred only if the defendant can establish that the decision is clearly against the logic and effect of the facts and circumstances before the trial court, or if it has misinterpreted the law. *Heaton*, 984 N.E.2d at 616. In light of the grace afforded in ordering probation in the first place, trial courts have considerable leeway in deciding how to proceed once a defendant has been found to have violated probation. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

We are fully cognizant of Jenkins's serious health concerns, which have been well-documented by the DOC. Indeed, before Jenkins's sentence was modified

in 2013, the DOC had assisted Jenkins in preparing a petition for medical clemency; the fate of that petition is unclear, but in any event was essentially rendered moot when Jenkins obtained his release from the DOC in May 2013. However, that release represented a generous exercise of grace by the trial court. When the trial court modified Jenkins's sentence, it drastically cut his original sentence of forty-five years executed to approximately twenty-four-and-a-half years executed, which amounted to time served when including good time credit. But Jenkins was not entirely free after the sentence modification, as the trial court retained five years of the sentence to be served on probation.

[16] Despite this considerable exercise of grace in light of Jenkins's health problems, Jenkins violated the trial court's trust in him. An unfortunate but reasonable inference to be made from the evidence is that Jenkins utilized at least one medical appointment while on probation as a "cover" for drug dealing. Jenkins misleadingly states in his brief that his probation was revoked because he was present in a common nuisance for approximately five minutes. This overlooks the evidence most favorable to the judgment, which is that he carried a bag containing over ten pounds of marijuana, along with scales and baggies, into the home. Jenkins was not merely an innocent bystander when the SWAT team executed the search warrant for the home. In sum, the trial court did not abuse its discretion in ordering Jenkins to serve the entirety of his remaining five-year sentence in the DOC.

[17] Jenkins also contends the trial court erred in not giving him any credit time, either time served or good time credit, for the time he spent on home detention

as a condition of release while awaiting resolution of the probation revocation petition. Credit time is a matter of statutory right, and trial courts do not have discretion in awarding or denying such credit. *Harding v. State*, 27 N.E.3d 330, 331–32 (Ind. Ct. App. 2015). Under Indiana Code Section 35-38-2.5-5(e) and (f), a person confined to home detention as a condition of probation earns both credit for time served and good time credit. Also, under Indiana Code Section 35-38-2.6-6, a person confined to home detention as part of a sentence executed through a community corrections program earns both credit for time served and good time credit.

[18] However, this court previously has held that a defendant placed on home detention as a condition of release pending resolution of a probation revocation petition was not entitled to any credit for time served upon revocation of probation and imposition of sentence, pursuant to Indiana Code Section 35-50-6-3. *Senn v. State*, 766 N.E.2d 1190, 1201-02 (Ind. Ct. App. 2002). That statute applies to offenses committed before July 1, 2014, and awards varying levels of "good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing," depending on the defendant's class assignment.[2] As held in *Senn* and other cases, this statute does not allow an award of credit time for time spent on home detention as a condition of pretrial release because it is not "confinement." *Id.* (citing *Purcell v. State*, 721 N.E.2d 220, 224 n.6 (Ind.

---

[2] Additionally, prior to July 1, 2015, this statute only referred to an award of "credit time" for time spent in confinement prior to sentencing, not "good time credit." *See* I.C. § 35-50-6-3 (2014).

1999)). Jenkins makes no argument that *Senn* was incorrectly decided with respect to credit for time spent on home detention as a condition of release pending resolution of a probation revocation petition.[3] We must conclude that the trial court properly denied Jenkins's request for an award of credit time for the period he spent on home detention awaiting resolution of the probation revocation petition.[4] *See id.*

## Conclusion

There is sufficient admissible evidence to support the trial court's revocation of Jenkins's probation, and its order directing him to serve the remaining five years of his sentence in the DOC was not an abuse of discretion. Furthermore, the trial court did not err by failing to award Jenkins any credit for time served on home detention as a condition of his release pending resolution of the probation revocation petition. We affirm.

Affirmed.

Bailey, J., and Riley, J., concur.

---

[3] The statute governing probation revocation actions is silent regarding how or whether to award credit time for time a defendant spends in confinement or otherwise while awaiting final resolution of a revocation petition. *See* I.C. § 35-38-2-3.

[4] The General Assembly recently enacted a provision allowing a defendant awaiting trial to earn "one (1) day of good time credit for every four (4) days the person serves on pretrial home detention awaiting trial." I.C. § 35-50-6-3.1(f). This provision, however, did not go into effect until July 1, 2016. *See* P.L. 44-2016, § 9.