## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2016, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone D. Payton, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 19, 2016 <br><br> Court of Appeals Case No. <br> 22A01-1605-CR-980 <br><br> Appeal from the Floyd Superior Court <br><br> The Honorable Susan L. Orth, Judge <br><br> Trial Court Cause No. <br> 22D01-0410-FB-754 |

**Barnes, Judge.**

# Case Summary

Tyrone Payton appeals the revocation of his probation. We affirm.

# Issues

Payton raises one issue, which we revise and restate as:

I. whether the trial court properly revoked his probation; and

II. whether the trial court properly ordered him to serve four years of his previously-suspended sentence.

# Facts

In 2006, Payton pled guilty to Class B felony conspiracy to commit burglary, and he was sentenced to ten years with five years suspended to probation. Between 2008 and 2010, the probation department filed three notices of probation violation. In 2011, the probation department filed a fourth notice of probation violation, and Payton stipulated to violating his probation. The trial court extended Payton's probation by six months. In 2012, the probation department filed fifth and sixth notices of probation violation. In 2014, the probation department filed a seventh notice of probation violation, and Payton again stipulated to violating his probation. The trial court ordered Payton to undergo intensive probation with the Floyd County Intensive Probation Program ("FLIP"). The probation department filed an eighth notice of probation violation in 2015.

[4] In July 2015, the probation department filed a ninth notice of probation violation, which it later amended and alleged the following violations: (1) failing to maintain good behavior; (2) violating a law by committing new offenses; (3) failing to report for probation; (4) using alcohol or controlled substances not prescribed by a physician; and (5) failing to pay probation fees. At the probation revocation hearing, the State presented evidence that Payton: (1) failed to report for at least two probation appointments; (2) on December 16, 2014, he admitted to using marijuana and Lortabs that were not prescribed by a doctor; (3) on January 15, 2015, he admitted to using marijuana and oxycodone; (4) he failed to attend appointments at LifeSprings; and (5) he was charged with additional criminal offenses in July 2015. The additional charges were Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony carrying a handgun with a prior felony conviction, Level 5 felony battery, Level 5 felony obliterating identifying marks on a handgun, and Level 6 felony criminal recklessness. During his testimony, Payton admitted that he had used illegal drugs, that he had been arrested on new charges, and that he had missed probation appointments.

[5] At the probation revocation hearing, the State sought to admit a file stamped copy of the charging information and probable cause affidavit for the new offenses. Payton objected based on "hearsay," but the trial court admitted the exhibit "for the purpose of showing that there was an arrest." Tr. pp. 30-31. We note that the exhibit submitted to this court contains only the charging

information and the first page of the probable cause affidavit. It is unclear whether the exhibit admitted at trial included the full probable cause affidavit.

[6] The trial court found that Payton violated his probation by failing to attend probation appointments, using illegal drugs, being charged with new crimes, and failing to attend LifeSpring. The trial court revoked Payton's probation and ordered him to serve four years of his previously-suspended sentence. Payton now appeals.

# Analysis

## I. Probation Revocation

[7] Payton argues that the trial court erred by revoking his probation. The State must prove a violation of probation by a preponderance of the evidence. *Dokes v. State*, 971 N.E.2d 178, 179 (Ind. Ct. App. 2012). The decision to revoke probation lies within the sound discretion of the trial court, and it may revoke probation if the conditions thereof are violated. *Lamply v. State*, 31 N.E.3d 1034, 1037 (Ind. Ct. App. 2015). We review challenges to the revocation of probation for an abuse of discretion. *Rudisel v. State*, 31 N.E.3d 984, 987 (Ind. Ct. App. 2015). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any term of probation, we will affirm its decision to revoke probation. *Id.* at 272.

[8]     Payton's challenge centers on the trial court's reliance on the State's exhibit that contained the charging information and probable cause affidavit. Payton argued at the revocation hearing that the document contained hearsay and, on appeal, notes that the document was not certified. The Indiana Rules of Evidence in general and the rules against hearsay in particular do not apply in probation revocation proceedings. Ind. Evidence Rule 101(d)(2); *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999). Our supreme court has held that hearsay evidence may be admitted without violating a probationer's due process rights if the hearsay is substantially trustworthy. *Smith v. State*, 971 N.E.2d 86, 90 (Ind. 2012); *Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007). Given the lack of a full copy of the probable cause affidavit, it is impossible to determine whether the exhibit was substantially trustworthy. We conclude, however, that any error in the admission of the exhibit was harmless.

[9]     The violation of a single condition of probation is enough to support a probation revocation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). Payton does not challenge the trial court's finding that he violated his probation by failing to attend probation appointments, using illegal drugs, or failing to attend LifeSpring. Those violations were sufficient to support the revocation of his probation. *See, e.g., Jenkins v. State*, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011) (holding that the probationer's failure to timely report to the probation department, by itself, was sufficient to support the revocation of his probation), *trans. denied*.

## II.  Sentence

[10]     Payton also challenges the trial court's imposition of four years of his previously-suspended sentence.  Upon the revocation of probation, the trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).  We review a trial court's sentencing decisions for probation violations for an abuse of discretion.  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[11]     Payton argues that, without consideration of his new arrest, the trial court would not have imposed four years of his previously-suspended sentence.  We disagree.  Payton has repeatedly violated his probation and was shown significant leniency in the past.  Despite that leniency, Payton again violated his probation by failing to attend probation appointments, using illegal drugs, and failing to attend LifeSpring.  The trial court did not abuse its discretion by imposing four years of the previously-suspended sentence as a result of these violations.  *See, e.g., Jenkins*, 956 N.E.2d at 150 ("In light of the current violations and Jenkins' history of probation violations, we cannot say that the trial court abused its discretion when it ordered him to serve twelve years of his previously suspended sentence.").

# Conclusion

[12] The trial court properly revoked Payton's probation and ordered him to serve four years of the previously-suspended sentence. We affirm.

[13] Affirmed.

Bailey, J., and Riley, J., concur.