# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marilyn K. Viers,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 12, 2017<br><br>Court of Appeals Case No.<br>20A03-1609-CR-2106<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Gretchen S. Lund, Judge<br><br>Trial Court Cause No.<br>20D04-1405-FD-563 |

**Pyle, Judge.**

# Statement of the Case

Marilyn K. Viers ("Viers") appeals the trial court's revocation of her probation and order for her to serve her previously suspended twelve-month sentence for her conviction of Class D felony operating a vehicle while intoxicated with a prior conviction.[1] She argues that the trial court abused its discretion because it should have considered her efforts to seek treatment for her alcohol addiction and her inability to pay for a placement in community corrections. Because we conclude that the trial court did not abuse its discretion, we affirm.

We affirm.

# Issue

> Whether the trial court abused its discretion in revoking Viers' probation.

# Facts

On October 13, 2014, Viers was convicted of Class D felony operating a vehicle while intoxicated with a prior conviction. She was sentenced to eighteen (18) months with six (6) months to be served in community corrections and twelve (12) months suspended.

On January 6, 2016, the probation department filed a petition for violation of probation, alleging that Viers had violated her probation by committing three

---

[1] IND. CODE § 9-30-5-3(a)(1).

new offenses in cause number 20D04-1512-F6-1217 ("Cause 1217"): (1) Level 6 felony operating a vehicle while intoxicated with a prior conviction; (2) Class A misdemeanor operating a vehicle while intoxicated endangering a person; and (3) Class C misdemeanor operating a vehicle while intoxicated. The probation department also noted that Viers's charges indicated that she had violated her probation by consuming alcoholic beverages.

[5] On July 13, 2016, Viers pled guilty to Level 6 felony operating a vehicle while intoxicated with a prior conviction in Cause 1217. She also admitted to violating her probation in the instant case. The trial court then held a hearing to determine Viers' sentence for her conviction in Cause 1217 and the sanction for her probation violation in the instant case. At the hearing, sixty-four-year-old Viers submitted a letter to the trial court in which she explained that she had learning disabilities, physical disabilities, and mental health issues due to past sexual assault and domestic violence. Her counsel also told the trial court that Viers understood that she could no longer drink alcohol and that she had been working diligently to treat her addiction problems since her previous conviction. Specifically, Viers had completed a YMCA treatment program, attended all AA meetings since the previous February, and completed community service. She was also enrolled in aftercare for the YMCA program and was attending economic empowerment programs at the YMCA. Viers' counsel noted that her pre-sentence investigation report showed that she had a low risk to reoffend.

[6] In response, the State noted that Viers' conviction in Cause 1217 was her fourth conviction for operating while intoxicated and had involved an accident. The State also pointed out that Viers had previously violated a placement in community corrections and that this probation violation was the second in her criminal history.

[7] In spite of this criminal history and her new offense, Viers requested that the trial court allow her to continue her probation with alcohol monitoring. She testified that she would lose her disability payments if she were placed in community corrections, which would be difficult for her because she had been struggling financially and her income was "very low." (Tr. 29). She also believed that she would have to give up her side jobs if she were placed in work release.

[8] At the conclusion of the hearing, the trial court revoked Viers' probation and ordered her to serve her previously suspended twelve (12)-month sentence on home detention. Viers now appeals.

## Decision

[9] On appeal, Viers argues that the trial court abused its discretion when it revoked her probation and ordered her to serve her previously-suspended twelve-month sentence in community corrections. Specifically, she notes that prior to her new offense, she had complied with all of the terms of her probation and had made significant progress in her alcohol addiction treatment. In addition, she asserts that she cannot afford placement in community corrections and argues that the

trial court should have considered her inability to pay before revoking her probation and placing her in community corrections.

[10]    We have previously noted that:

> Probation is a matter of grace and a conditional liberty [that] is a favor, not a right. The trial court determines the conditions of probation and may revoke probation if those conditions are violated. The decision to revoke probation is within the sound discretion of the trial court. And its decision is reviewed on appeal for abuse of discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Further, on appeal we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witness. If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation.

*Lampley v. State*, 31 N.E.3d 1034, 1037 (Ind. Ct. App. 2015) (quoting *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012) (internal quotations and citations omitted)).

[11]    INDIANA CODE § 35-38-2-3(h) provides that if the court finds that a person has violated a condition of probation, and the petition to revoke is filed within the probationary period, the court may "impose one (1) or more of the following sanctions[:]"

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Accordingly, the trial court had the statutory authority to revoke Viers' probation and require her to serve the remainder of her suspended sentence. *See* I.C. § 35-38-2-3(h)(3).

[12] Nevertheless, Viers argues that the trial court abused its discretion because it should have considered her previous efforts to receive alcohol addiction treatment. We are not persuaded by this argument because, at Viers' hearing, the trial court noted that its sanction was an attempt to balance the need to help her receive treatment and the need to keep her and members of the community safe. Viers' criminal history indicated that the trial court's concern for safety was especially relevant as Viers' conviction in Cause 1217 was her fourth conviction for driving while intoxicated. Significantly, she was on probation for the same offense when she committed her Cause 1217 offense, and she got into an accident as a result of her actions. In light of these facts, we find that the trial court did not abuse its discretion when it ordered Viers to serve her previously suspended sentence.

[13] Further, we conclude that the trial court did not abuse its discretion by ordering Viers' placement in community corrections without determining her ability to pay for such a placement. Viers argues that "an offender's ability to pay [must] be considered before imposing imprisonment as a sanction for failure to comply

with financial conditions associated with a sentence."[2] (Viers' App. 9). We agree that a probationer's probation may not be revoked due to a failure to pay a financial condition. *Woods*, 892 N.E.2d at 641 ("[F]ailure to pay a probation user fee where the probationer has no ability to pay certainly cannot result in a probation revocation.") However, that authority is not relevant here as Viers' probation was not revoked as a result of her failure to pay a condition of her probation; it was revoked because she committed a new felony offense. Viers even acknowledges that the trial court did not impose incarceration as a result of her inability to pay.

[14]   Still, Viers argues that the "trial court should have considered [her] inability to pay for home detention when deciding whether to revoke probation." (Viers' Br. 9). She does not present any legal support for that argument, though. Because she has failed to support her argument with citations to legal authority, she has waived it. *See Waters v. State*, 65 N.E.3d 613, 618 n.2 (Ind. Ct. App. 2016); Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, we have not found any legal support for Viers' argument.[3] To the contrary, we note that the trial court was more lenient than it could have been. Under INDIANA CODE § 35-38-2-3(h), the trial court could have ordered Viers to serve her sentence in the Department of Correction, but it allowed her to serve her sentence on home

---

[2] Viers cites *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008) for this quote, but that passage is not in the *Woods* opinion.

[3] The State also failed to address this issue.

detention in community corrections. We have previously held that placement in a community corrections program is an alternative to commitment to the Department of Correction and is made at the sole discretion of the trial court. *Brown v. State*, 947 N.E.2d 486, 489 (Ind. Ct. App. 2011). "A defendant is not entitled to serve [her] sentence in a community corrections program but, as with probation, placement in the program is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* Accordingly, we conclude that the trial court did not abuse its discretion when it revoked Viers' probation and ordered her to serve her previously suspended sentence on community corrections.

Affirmed.

Baker, J., and Mathias, J., concur.